MEDAD T. MOSS v. JOSEPH SHANNON.

The payment of a part of a judgment-debt, and the giving of the debtor's own notes
for a part of the balance, will not, without a satisfaction or release, discharge the
indebtedness, although received in full payment and satisfaction.

And it makes no difference that the notes were made payable to the attorney of the
creditors, who is acting for and on their behalf, instead of being made payable to
them directly.

In an action upon a judgment, by the assignee of the judgment-creditor, it is not
necessary to aver any demand of payment by the assignee, or any refusal to pay
by the debtor.

APPEAL by defendant from an order at special term sustain-
ing a demurrer to a part of defendant's answer. This was an
action to recover a balance of $233.39, upon a judgment for
$508.79, recovered by Elam Hurd and Julius T. Alden against
the defendant and assigned to the plaintiff. A part payment of
the judgment was admitted by the complaint. The answer set
up, as one of the defences, that subsequent to the recovery of
judgment the defendant gave to one Henry Hurd, acting for
and on behalf of Elam Hurd and Julius T. Alden as their attor-
ney, $125 in cash, and three notes for $50 each, made payable
at the Butchers' and Drovers' Bank, which he agreed to take in
full satisfaction, payment and discharge of the judgment, pro-
vided the notes were paid at maturity. That the notes were
paid at maturity, and the judgment thus satisfied and discharged.
To this part of the answer the plaintiff demurred, the demurrer
was sustained, and the defendant appealed.

*F. Byrne,* for the appellant. I. No notice of the alleged
assignment is averred, nor is there any averment in the com-
plaint of a demand on the defendant, or a refusal on his part to
pay the balance claimed to be due. *Sears* v. *Patrick,* 23 Wend.
528. II. The notes given were made payable to the order of
Henry Hurd, a third person, and were made payable at the
Butchers' and Drovers' Bank. The payment being thus made to

a third person, and at a particular place other than the place where the debt would have been payable, it is good as a satisfaction. 2 Coke's Institutes, 212, *b.*

*W. H. Green,* for the respondent. I. The payment pleaded being of a sum less than the amount of the judgment, is not good either as a plea of payment or of accord and satisfaction (*Dedrick* v. *Lehmann,* 9 Johns. R. 333), and could not be received in evidence under a plea of payment. *Mechanics' Bank* v. *Hazard,* 13 Johns. R. 353; *Seymour* v. *Minturn,* 17 ibid. 169; *Johnson* v. *Brannan,* 5 ibid. 271.

II. A debt by speciality cannot be satisfied by a lower form of security from the debtor himself. *Worthington* v. *Wigby,* 3 Bingh. N. C. 454; *Waydell* v. *Luer,* 5 Hill, 450, 453; *Mitchell* v. *Hawley,* 4 Denio, 414; See *Gunn* v. *McAdam,* 2 Iredell Eq. 79.

III. A debtor's own promise to pay, even for the full amount, though by express agreement taken in full payment and satisfaction of the debt, cannot *per se* operate as payment or satisfaction of the prior indebtedness. See the following cases: *Hughes* v. *Wheeler,* 8 Cow. 79; *Booth* v. *Smith,* 3 Wend. 68; *Frisbee* v. *Learned,* 2 Wend. 452, *per* Cowen, J.; *Conkling* v. *King,* 10 Barb. 375; *Cole* v. *Sackett,* 1 Hill, 516; *Waydell* v. *Luer,* 5 Hill, 448; S. C. 3 Denio, 410; *Elwood* v. *Diefendorf,* 5 Barb. 408; *Livingston* v. *Radcliff,* 6 Barb. 201; *Couro* v. *Port Henry Iron Co.,* 12 Barb. 27.

IV. There being no consideration for the alleged agreement to accept a partial payment in satisfaction of the judgment, there must have been either a satisfaction or a release under seal, to discharge the defendant. *Seymour* v. *Minturn,* 17 Johns. R. 169; *Dewey* v. *Derby,* 20 ibid. 462; *Jackson* v. *Stackhouse,* 1 Cow. 122; *Dezeng* v. *Bailey,* 9 Wend. 336; *Barnard* v. *Darling,* 11 ibid. 28; *Tunick* v. *Greene,* 5 ibid. 455; *Mitchell* v. *Hawley,* 4 Denio, 414.

INGRAHAM, FIRST JUDGE.—This action is brought upon a judgment for $508.79. The defendant sets up in his answer that

by agreement with the plaintiff's assignors he paid $125 in cash, and gave his notes for $150, in satisfaction and discharge of the judgment. To this the plaintiff demurs. The payment of part of a debt, and giving the debtor's note for part of the balance, can never discharge the whole indebtedness without a release. The debtor's note amounted to nothing. He only agreed by it to pay at a future time what he was bound to pay at the present moment, and afforded no new consideration for any contract at the time. The giving of notes of other persons might have a different effect. See *Mitchell* v. *Hawley*, 4 Denio, 411; 8 Cow. 79; 3 Wend. 68; *Cole* v. *Sackett*, 1 Hill, 516; and in *Waydell* v. *Luer*, 5 Hill, 448, and 3 Denio, 410, where this question was fully examined; and it was conceded by all the judges that the mere note of the debtor would not discharge a precedent debt, though it might suspend the remedy. 3 Bingh. N. C. 454.

It is said that a difference exists between this case and those above referred to, because the contract was made with Henry Hurd. Without expressing any opinion upon the question, whether the giving of the debtor's note to a third person, although for a smaller amount, would operate to discharge the original indebtedness either in whole or in part, it is sufficient for this case to say, that the answer admits that Henry Hurd was acting for and on behalf of the plaintiff, and as his attorney. His acts, therefore, were the acts of the plaintiff, and the notes, although made payable to Henry Hurd, were, in fact, the property of the plaintiff, and payable to him.

It was unnecessary to prove any demand on behalf of the assignee, or refusal to pay of the debtor. The case cited is not in point. It only applies to cases where the defendant received the money sued for in the capacity of trustee, and in which a demand might have been as necessary for the assignor as for the assignee.

The order on the demurrer made at special term should be affirmed.