SMITH H. NEWMAN v. THE BOARD OF SUPERVISORS OF LIVING-STON COUNTY.

(GENERAL TERM, SEVENTH DISTRICT, SEPTEMBER, 1869.)

The plaintiff having been compelled, by levy and sale of his property, to pay the unpaid tax, of a former occupant of his premises, with which he had been charged upon the annual assessment rolls, by the board of supervisors, as a returned tax, and for which he was not liable, sued the county to recover the amount so paid.—*Held*, the complaint stated no cause of action.

A demurrer will not be sustained to an answer, when the complaint states no cause of action, and although such demurrer is not made, to all the defences stated in the answer.

Nor can a motion to strike out an answer to such complaint, as sham, &c., be granted.

THIS action was brought to recover an amount assessed by the board of supervisors of Livingston county, to the plantiff, in the year 1867.

The complaint alleged that in the year 1866, one James Forbes was the owner and occupant of certain premises, in the village of Lima, in the county of Livingston, and was in that year assessed a tax thereon of $141.31.

That before the assessment roll, and warrant for that year, were delivered to the collector, Forbes had removed to Yates county, and the plaintiff had become the owner and occupant, and was in the actual occupancy of the premises, during all the time, the assessment roll and warrant were in the collector's hands, and until April, 1867, when the collector returned the tax unpaid, and " that he had not, upon diligent inquiry,

Newman v. The Board of Supervisors of Livingston County.

been able to discover any goods or chattels belonging to or in the possession of the person charged with or liable to pay such sum whereon he could levy the same."

That in 1867, the board of supervisors, at their annual session, assessed to the plaintiff the returned tax of 1866, which, with the interest and fees thereon, amounting to $144.84, was carried with the plaintiff's tax on said premises for the year 1867 into the fifth or last column of the assessment roll of the town of Lima, for the year 1867, as follows:

| Names of own's or possessors. | Remarks. | Value of real estate. | Total real and personal est. | Tax to be paid ther'on |
|---|---|---|---|---|
| Newman Smith. | Public House. Ret. tax $144.84. | $5,000 | $5,000 | $257.67 |

and delivered the same with their warrant annexed to the collector.

That the plaintiff paid the tax on said premises for the year 1867, and the collector, by levy and sale of the plaintiff's personal property, made the amount of the returned tax and fees for collection, amounting to $152.08, and paid the same, less his fees, to the county treasurer. That the said assessment was illegal and void, &c., &c.

The answer set forth three separate defences, viz.:

1. That the signing of the warrant was not the corporate act of the county of Livingston, but that such warrant was signed by the supervisors of the several towns, as by law required.

2. That defendant had no knowledge or information as to the facts stated in the complaint, in regard to the tax, levy and sale, and denying that the assessment of the tax was illegal and void or imposed without authority of law.

3. That no demand had been made upon said defendant or the board of supervisors of the county of Livingston, for the payment of the money so collected by said collector, before commencement of the action.

To the last of the defences the plaintiff demurred, and he moved to have the others stricken out as sham, &c.

The court granted the motion as to the first defence, denied it as to the second, and sustained the demurrer, and defend-

ants appealed from that part of the order sustaining the demurrer and striking out the first defence, and plaintiff from that part of the order refusing to strike out.

*E. A. Nash*, for the plaintiff.

*S. Lord*, for the defendant.

Present—E. D. SMITH, DWIGHT and JOHNSON, JJ.

By the Court—JOHNSON, J. This is an action brought against the county of Livingston to recover certain moneys collected by the town collector of the town of Lima, in which the plaintiff resided, and paid over to the county treasurer of such county. The amount claimed is part only of the general tax, levied against the plaintiff for the year 1867, and collected and paid over as aforesaid. This amount it is alleged, was illegally, and without warrant or authority of law, added to the amount lawfully assessed against the plaintiff, and placed in the tax column of the assessment roll by the board of supervisors of said county. Taking all that is alleged in the complaint to be true, it is clear, I think, that the action to recover back that money cannot be maintained since the decision of the Court of Appeals in *Swift* v. *The City of Poughkeepsie* (37 N. Y. R., 511). BACON, J., in delivering the opinion of the court in that case, says: "No suit to recover taxes erroneously assessed and paid over to a county, or municipal corporation, has yet been sustained in this State, whatever may be the rule elsewhere." The action in that case was, like the action here, to recover back money alleged to have been wrongfully assessed and collected, after it had been paid over to the treasurer. The decision in that case is put upon the broad ground that no such action will lie. It is said in the opinion, which was concurred in unanimously, that "nothing is better settled, than that no action will lie to recover back money collected by virtue of legal proceedings, unless such proceedings can be impeached, as founded on fraud, imposition, or extortion." And again, "a

Newman *v.* The Board of Supervisors of Livingston County.

party cannot proceed a single step, in such an action if, in order to sustain it, the court is called upon to review the merits, or the regularity of the proceedings, or determination, as the result of which the money was collected and paid over." These principles clearly cover this action. It is said by the plaintiff's counsel, that the case referred to, was the case of an illegal assessment, by the assessors, who had jurisdiction generally to make assessments, and is not like the case at bar. But the cases are not distinguishable in their cardinal features, which determine the right of action. There, the assessors had assessed property not liable to be assessed for the purposes of taxation. Here the board of supervisors have estimated, and set down in the tax column of the assessment roll, a greater sum than was proper, or added an item to the tax which they were not authorized to add. All that can be said of it is, that in doing this, they committed an error, which upon review in a proper manner, might have been corrected. It is made the duty of the board to examine all the assessment rolls, and they. are authorized to increase or diminish the aggregate valuations of real estate in any town, or ward, in such a manner as to produce a just relation between all the valuations in the county (1 R. S., 395, § 31.) They are also required to estimate and set down in a fifth column in the assessment roll, opposite to the several sums set down as the valuations of real and personal estate, the respective sums in dollars and cents to be paid as a tax thereon. (Id., § 33.) This perfects and completes the judgment, so to speak, upon which the warrant is issued to the several collectors; and, conceding that the item complained of was erroneously estimated, and set down in the tax column as part and parcel of the sum to be paid as a tax by the plaintiff, it does not lay the foundation for an action of this character. It is an error or irregularity which the court will not review in an action like this. The board of supervisors clearly had jurisdiction to estimate and set down in the tax column the sum to be paid as a tax by the plaintiff; and even if they erred in adding an improper item

as part of the sum, this is not the proper mode of redress. So much, I think, must be regarded as settled by the decision above referred to. It is proper to consider this question here, because, if I am right, it is available to the defendant on the plaintiff's demurrer to the third answer. It is a well settled principle, that upon the hearing and determination of a demurrer to any pleading, the court will give judgment against the party who has committed the first error in pleading. No court should ever sustain a demurrer to an answer put in to a complaint which clearly contains no cause of action. To do so would have the effect to continue and protract abortive and fruitless litigation, and violate long established rules in such cases. The learned judge at Special Term sustained the demurrer on the ground that it was not to the whole defence set up in all the answers. It was conceded by him that if it had been, judgment ought to be given for the defendant, for the reason that no cause of action was alleged in the complaint. But I do not understand that the rule was ever so limited. If the complaint contains no cause of action, the court will not stop to consider whether any one of several answers is proper or not. There is nothing to be considered in such a case, as to the sufficiency of the answer. There is nothing to be answered, and one answer is as good as another. I am of the opinion, therefore, that the demurrer should have been overruled. For the same reason the motion to strike out the first answer, as irrelevant and frivolous, should have been denied, as the motion to strike out the second answer was, as not being sham, frivolous or irrelevant. Nothing of the kind can possibly be predicated of an answer to a complaint which contains no cause of action whatever. This must be obvious to every legal mind, and needs no comment to render it evident. I am of the opinion, therefore, that the order refusing to strike out the second answer should be affirmed, and that the order striking out the first answer should be reversed. The order sustaining the demurrer should also be reversed, and judgment ordered for the defendant.

Ordered accordingly.