WILLIAM C. ALLISON et al., Appellants, v. WILLIAM P. ABENDROTH, Impleaded, etc., Respondent.

The firm of G. & W. being indebted to A. & Sons, the latter firm agreed with A., whom they supposed and who supposed himself to be a special partner in the former firm, that if he would give his notes for twenty-five per cent of the debt they would assign the same to him. He gave his notes as agreed, receiving a written assignment of the debt; the notes were paid at maturity. It was thereafter decided that A., because of his omission to pay in, in cash, the money contributed by him to the firm until after the filing of the certificate, was liable as a general partner. In an action brought by the assignees of A. & Sons against A. and the other members of the firm of G. & W. to recover the balance of the original indebtedness *held*, that until the transaction was rescinded and the assignment set aside or canceled because of the mistake, plaintiffs were not in a position to maintain the action, as the legal title to the demand was in A.

*It seems* that A. & Sons could not rescind without returning or offering to return the money received from A.

(Argued January 31, 1888; decided February 28, 1888.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, made January 12, 1886, which affirmed a judgment in favor of defendant entered upon a decision of the court on trial without a jury. (Reported below, 38 Hun, 586.)

This action was brought by plaintiffs as assignees of the firm of William C. Allison & Sons, against the members of the firm of Griffith & Wundram to recover a balance alleged to be due on account by the latter to the former firm. The defendant Abendroth, who alone appeared and answered, alleged a purchase by and assignment to him of the claim in suit, in consideration of his giving his individual notes for twenty-five per cent of the claim, which notes he paid at maturity.

The material facts are stated in the opinion.

*Carlisle Norwood, Jr.,* for appellants. There was sufficient proof to sustain the count of the complaint as to an account stated. (*Lockwood* v. *Thorne,* 18 N. Y. 285, 288, 289. 292;

*Lambert* v. *Craft*, 98 id. 342, 350 ; *Lampson* v. *Freedman*, 102 id. 699, 701 ; 2 Greenf. Ev. [Redf. ed. ], §§ 126, 127 ; *Guernsey* v. *Rexford*, 63 N. Y. 631, 633 ; *Volkening* v. *De Graaf*, 81 id. 268, 270.) Under the form of complaint used herein, proof was admissible of the special defects in the formation of the partnership to establish that the defendant was never, in fact, a special partner but a general one. (*Thorp* v. *Hutchinson*, 100 N. Y. 533 ; *Foakes* v. *Beer*, 9 App. Cas. 605 ; *Keeler* v. *Salisbury*, 33 N. Y. 648, 653 ; *Fitch* v. *Sutton*, 5 East,- 230 ; *Harrison* v. *Close*, 2 Johns. 448 ; *Dederick* v. *Leman*, 9 id. 333 ; *Durgin* v. *Ireland*, 14 N. Y. 322 ; *Baxter* v. *Bell*, 86 id. 195, 199.) Even if plaintiffs had expressly agreed to take twenty-five per cent as payment in full, there having been no compromise of a dispute as to the amount due, nor as to liability, and the amount actually due having been a sum fixed and certain, such agreement would have been without a sufficient consideration and void. (*Ryan* v. *Ward*, 48 N. Y. 204, 206.) Though a release is general in its terms, the court will limit its operation so that it shall not apply to something of which the party executing it had no knowledge at the time he executed it. *Lyall v. Edwards*, 6 Hurl. & N. 337 ; *Carter* v. *Connell*, 1 Wheat. [Pa.], 392 ; *Reynall* v. *Sprye*, 8 Hare Ch. R. 222, 254 ; *Ramsden* v. *Hilton*, 2 Ves. Sen. 309 ; *Robinson* v. *Wilkinson*, 3 Price, 538, 544.)

*William Henry Arnoux* for respondent. The giving of partnership notes for individual notes is a good consideration. (*Ludington* v. *Bell*, 77 N. Y. 138.)

ANDREWS, J. If the transaction between the firm of W. C. Allison & Sons and the defendant Abendroth was in legal character, simply a transaction between debtor and creditor, by which the latter agreed to receive and the former agreed to pay twenty-five per cent of the debt in full satisfaction, followed by actual payment and receipt of the stipulated sum in execution of the agreement, there being no consideration

for the agreement of the creditor to discharge the balance of the debt, except the payment by the debtor of the agreed proportion thereof, the case would fall within the well settled doctrine of the common law, that a promise by a debtor to pay a part of an admitted debt, followed by actual payment of such part, is not a good accord and satisfaction of the part of the debt unpaid. (*Pinnel's Case*, 3 Coke's Rep. pt. 5, fol. 117; *Cumber* v. *Wane*, 1 Strange, 426; *Keeler* v. *Salisbury*, 33 N. Y. 648.) This rule of the common law, as was said by NELSON, J., in *Kellogg* v. *Richards* (14 Wend. 117), is "technical and not very well supported in reason," but it has been steadily maintained by the courts in cases coming strictly within it. But it is held that where there is an independent consideration, or the creditor receives any benefit or is put in a better position, or one from which there may be legal possibility of benefit to which he was not entitled except for the agreement, then the agreement is not *nudum pactum* and the doctrine of the common law to which we have adverted has no application. Upon this distinction the cases rest which hold that the acceptance by the creditor in discharge of the debt of a different thing from that contracted to be paid, although of much less pecuniary value or amount, is a good satisfaction, as for example a negotiable instrument binding the debtor and a third person for a smaller sum. (*Curlewis* v. *Clark*, 3 Exch. 375.) Following the same principle it is held that when the debtor enters into a new contract with the creditor to do something which he was not bound to do by the original contract, the new contract is a good accord and satisfaction if so agreed. The case of accepting the sole liability of one of two joint debtors or copartners in satisfaction of the joint or copartnership debt is an illustration. This is held to be a good satisfaction, because the sole liability of one of two debtors "may be more beneficial than the joint liability of both, either in respect of the solvency of the parties or the convenience of the remedy." (*Thompson* v. *Percival*, 5 B. & Adol. 925.) In perfect accord with this principle is the recent case in this court of *Ludington* v. *Bell* (77 N. Y. 138), in which it was held

that the acceptance by a creditor of the individual note of one of the members of a copartnership after dissolution, for a portion of the copartnership debt, was a good consideration for the creditor's agreement to discharge the maker from further liability.   There can be no doubt, therefore, that if the firm of Allison & Sons, knowing at the time that the defendant Abendroth was a general partner in the firm of Griffith & Wundram, had received his individual note for twenty-five per cent of their debt against the firm in full satisfaction, or in full satisfaction when paid, the agreement would have been supported by a good consideration, and the payment of the notes would have been a satisfaction of the entire debt.   The actual case presented differs from the case supposed in two particulars.   When Allison & Sons took the notes of Abendroth they supposed he was a special and not a general partner in the firm of Griffith & Wundram, and therefore not liable for the debts of the firm; and in the next place the agreement of Allison & Sons to accept the notes of Abendroth for twenty-five per cent of the debt was accompanied by an agreement to assign to Abendroth their debt against Griffith & Wundram, and all claims or demands against that firm, and in pursuance of such agreement Allison & Sons, on the 20th day of December, 1872, after they had pressed their claim against Griffith & Wundram in bankruptcy, made a formal written assignment to Abendroth of all their debts, claims and demands against the firm of Griffith & Wundram, and delivered their notes to him, and Abendroth on his part paid at maturity, his notes to Allison & Sons, given on the purchase of the demand against Griffith and Wundram.     If the transaction in question had been simply that of taking the note of a known partner in satisfaction of a copartnership debt, although for a less amount, there would, therefore, under the authorities, have been a good consideration, and the transaction would have operated as a full satisfaction.   But it is insisted that the receipt of the notes from Abendroth and the assignment to him of the claim against Griffith and Wundram in con-

sideration thereof, having proceeded upon a misapprehension of his relation to the firm, and upon the supposition that he was not liable as a general partner, the plaintiffs are entitled to be relieved from the arrangement and to treat the payment made as having been made on account only. The decisive objection to this view is that the plaintiffs are not in a situation in this action to proceed for the recovery of the balance of the original debt. It is not claimed that Abendroth was guilty of any fraud. When the settlement was made, both Allison & Sons, and Abendroth, believed that the latter was a special partner only in the firm of Griffith & Wundram, and was not personally liable for the debt. The claim that Abendroth was liable as a general partner was first made long after the transaction in question was completely executed, and it was then held for the reason that the money contributed by Abendroth, as special partner in the firm of Griffith & Wundram, was not paid in cash on the day the certificate for the formation of the limited partnership was filed, and not until a few days afterwards, there was a non-compliance with the statute which subjected him to liability as a general partner, although no fraud was intended. (*Durant* v. *Abendroth*, 69 N. Y. 148.) This action is not brought to rescind the transaction between Allison & Sons and Abendroth, or to set aside the assignment to him by Allison & Sons of the debt against Griffith and Wundram on the ground of mistake. It is an ordinary action at law brought by the assignees of Allison & Sons against Abendroth and the other members of the firm of Griffith & Wundram upon an account stated to recover the unpaid portion of the original debt of the firm, and Abendroth alone answers. There is no equitable relief claimed in the complaint and no reference to the settlement between Allison & Sons and Abendroth, or to the assignment of the claim. The plaintiffs are in the position of suing upon a claim which has been assigned to the defendant Abendroth and to which they have no title. The assignment to Abendroth vested in him as against Allison & Sons the legal title to the demand held by that firm against the firm of Griffith & Wundram, and

1888.] PEOPLE ex rel. WALDORF *v.* POLICE COM'RS. 475

Statement of case.

until the transaction between these parties is rescinded and the assignment set aside or canceled, the plaintiffs cannot maintain this action. It is not necessary to consider what the position of the parties would have been if the settlement and assignment was procured by the fraud of Abendroth. This is not pretended. If the transaction can be set aside it must be on the ground of mistake. But the rescission of an executed transfer of property on this ground is a matter of equitable and not legal cognizance, and the action is not framed with a view to equitable relief. There has been no rescission or attempt to rescind the transaction, and the action is not brought for a rescission. We are inclined to the opinion that Allison & Sons could not rescind without returning or offering to return the money received from the defendant. (*Gould* v. *Cayuga County Bank*, 86 N. Y. 75, and cases cited.) But however this may be, the plaintiffs as the case stands cannot maintain this action.

The judgment should therefore be affirmed.

All concur.

Judgment affirmed.