Dwight, J.
The action was for professional services rendered by the plaintiffs as attorneys and counsel for the defendants, who were sisters, in an action in this court. The answer admitted the services, and the value of the' same was not in dispute. It appeared by the pleadings that the liability of the defendants was joint and several. The defense relied upon was a release or exoneration of the defendant Mrs. Royce, who alone answered, on payment by her of a sum less than the whole balance due on the plaintiff’s demand. The pleadings in evidence showed that Mrs. Royce had previously made a payment" to the plaintiffs on account of the services in question, when, being called upon for the balance of the bill, she paid the plaintiffs the sum of $54.25¡ and received from them a receipt in the following terms: “April 30, 1885. Received of Mrs. Louisa M. Royce, fifty-four 25-100 dollars, which, with fifty heretofore paid, constitutes her one-half of our account against defendants in Re Rider v. Howe ei al. $54.25. [Signed] Abbott, Rohrbaoii & Abbott, per J. R.” The plaintiff Mr. Rohrbach, having given testimony on the part of the plaintiffs, the paper copied above was proved and put in evidence on his cross-examination. On his redirect examination by counsel for the plaintiffs he was asked to relate what took place when the receipt was given. The question was objected to by counsel for the defendant on the ground that it was “not competent for the plaintiffs to impeach the papers in evidence.” The objection was overruled, and the witness gave, at length, his version of the conversation between himself and Mrs. Royce and her son, who was present with her, at the interview in which the receipt was given to the defendant. His evidence tended to show that the receipt was given in *504 the particular form it bore, at the request of the defendant, for the purpose of indicating to the other defendant that she would be expected to pay the other-half of the bill, and thus assist Mrs.-Boyce in obtaining at least some contribution from her sister. Mr. Bohrbaeli testified that he at first wrote and handed to Mrs. Boyce a receipt for the $54.25, in the usual form, to apply on account; that Mrs. Boyce then made known her wish to have a receipt which should serve the purpose above mentioned, and that upon such request he substituted the receipt in evidence. It appears, however, from his further testimony, that the amount of the payment to be made was arrived at by Mr. Bohrbach by computation, as the balance of one-half of the account, before the receipt was drawn. On the part of the defendant, she and her son gave their version of the conversation occurring at the same interview. Their testimony tended to show that the proposition of the defendant was to pay the balance of her share of the account, and take a receipt which would discharge her from further liability; that the amount due from her was computed for this purpose, and was paid by her only upon Mr. Bohrbach’s giving the receipt in evidence, which he assured her would have the effect to protect her against any further claim. At the close of the evidence the defendant asked to go to the jury “on the question of accord and satisfaction.” The request was refused. A verdict was ordered for the plaintiffs, and the defendant took the exception which presents the only question on this appeal.
Undoubtedly the evidence aliunde the receipt was contradictory, and required to be submitted to the jury, if the question to which it related was in any manner material to the issues in the action. But upon the conceded facts in this case it seems to be immaterial whether the agreement between the parties, apart from the written receipt, was to discharge the defendant from liability or not. The agreement, on the defendant’s own theory, was to accept payment of one-half of an admitted debt, in discharge of an entire debt for -which the defendant was liable. That such an agreement, accompanied by -payment accordingly, does not constitute an accord and satisfaction, is too well .-settled by adjudications of our own courts to admit of discussion at this time. See Bunge v. Koop, 48 N. Y. 225, and the cases cited. But the law has been lately restated by the court of last resort, in adjudicating a case not within ■¡the rule. Allison v. Abendroth, 108 N. Y. 470,15 N. E. Rep. 606. To have the effect of an accord and satisfaction the agreement must be upon some new and independent consideration, as by giving additional security, by turning out property of undetermined value, or by an agreement under which a benefit may result to the creditor, to which, but for the agreement, he was not entitled; otherwise the agreement is nudum pactum. See the case last cited. Concededly no such consideration existed for the agreement alleged to have been made in this case. But to take the present case out of the rule, the appellant relies upon the statute, (Code Civil Proe. § 1942,) which provides for separate composition by a partner or a joint debtor. This statute is, in the main, a re-enactment of an earlier one, found in chapter 257 of the Laws of 1838, (entitled “An act for the relief of partners and joint debtors,”) as amended by chapter 348 of the Laws of 1845, (4 Edw. St. at Large, 450.) We do not think this provision of law avails the defendant. The object of the statute seems to have been to provide for a separate composition by any one of several debtors of either of the classes mentioned, without discharging the others. At common law the release of one joint debtor discharged the debt as to all. Harrison v. Wilcox, 2 Johns. 448; Rowley v. Stoddard, 7 Johns. 207; Brown v. Williams, 4 Wend. 365. The statute saves the right of action against all except the compounding debtor; and that, we apprehend, is the extent to which the statute was intended to go. It may be questioned whether it is applicable at all to debtors whose liability is several as well as joint. The provision of the original statute (act of 1838, supra) was by its first section limited to the case of partners; and by section 5 was extended to the en *505 tire class of joint debtors. The provision of the Code (section 1942, supra) is in terms confined to joint debtors; a later clause of the same section indicating that partners are included in that designation. That in legal phraseology, and therefore, presumably, in the contemplation of legislative acts, joint debtors and joint and several debtors constitute distinct and separate • classes, cannot be doubted. It may also be questioned whether the statute was intended to change the established rule in respect to the requisites of a binding accord and satisfaction between debtor and creditor of whatever class. The earlier enactment provided that the debtor should take from the creditor “a note or memorandum in writing, exonerating him” from the liability discharged, “which note or memorandum in writing may be given in evidence • * * in bar of such creditor’s right of recovery against him.” The provision of the Code requires the creditor to “execute to the compounding • debtor a release of the indebtedness, or other instrument, exonerating him therefrom.” By the “release” mentioned in the provision of the Code may be intended a formal or technical release, which, with its seal, importing a consideration, would obviate the necessity of an actual consideration rendered for the composition; and the “note or memorandum” of the earlier statute and the “other instrument” of the Code may be prescribed as the necessary evi- • dencé of the agreement of composition, like the note or memorandum of a • sale, or of an agreement to answer for the debt or default of another, required by the statute of frauds; and therefore, not to be regarded as taking the place ■of, or dispensing with, the new or independent consideration required by law • as a necessary condition of the composition itself. If either of the views suggested is correct, the receipt given to the defendant on payment of an amount less than the debt for which she was liable, even if it were given upon a parol ..agreement to discharge the debt, did not have that effect, and there was no valid and binding accord and satisfaction. But whatever construction is to ■ be given to the statute in either of the respects considered, we agree with the .learned judge who directed the verdict, that the instrument relied upon by the defendant did not, by its terms, purport to exonerate the defendant from : the indebtedness for which the action was brought, and that, under the statute, such effect could not be given to it by evidence aliunde. Such being the • case, there was no question to submit to the jury, and the direction of a ver- ■ diet for the plaintiffs was not error. The motion for a new trial must be de:nied, and judgment ordered for the plaintiffs on the verdict. So ordered.
All concur.