## STATE BANK OF ROCK VALLEY v. ANDREWS.

(Common Pleas of New York City and County, General Term. February 6, 1893.)

1. CORPORATIONS—PERSONAL LIABILITY OF DIRECTORS—ENFORCEMENT.

   A director of a corporation whose charter provides that "every director shall be personally liable for debts incurred by the corporation during his administration to an amount not exceeding five thousand dollars," is liable in an action at law instituted by a creditor to recover the amount of a debt incurred by such corporation while defendant continued to be a director.

2. SAME—PARTIES.

   In such action other creditors and directors need not be joined.

3. SAME—PRIOR RECOVERY AGAINST CORPORATION.

   A prior recovery of judgment against the corporation by such creditor, and return of execution issued thereon, are not essential to the maintenance of such action.

Appeal from city court, general term.

Action by the State Bank of Rock Valley against Wallace C. Andrews to recover the amount of an indebtedness due plaintiff by the American Loan & Trust Company, of which defendant was a director. From a judgment of the general term of the city court (18 N. Y. Supp. 167) affirming a judgment for plaintiff entered on the decision of a demurrer to the complaint, defendant appeals. Affirmed.

Argued before BOOKSTAVER, BISCHOFF, and PRYOR, JJ.

James W. Hawes, for appellant.

Marshall P. Stafford, for respondent.

BISCHOFF, J. The complaint alleges that plaintiff is a corporation created under the laws of the state of Iowa, and that the American Loan & Trust Company was chartered by the legislature of the state of New York; that the latter corporation is indebted to the former for money deposited, which it failed to repay after due demand, in the sum of $1,478.13; that the American Loan & Trust Company has suspended business, and been placed in the hands of a receiver for liquidation and dissolution; that its charter, among other things, provided that "every director shall be personally liable for all debts incurred by the corporation during his administration to an amount not exceeding five thousand dollars;" and that defendant continued to be a director when the corporation's indebtedness to plaintiff was incurred. To this defendant demurred, alleging as grounds thereof that the court below was without jurisdiction of the subject-matter of the action; that there was a defect of parties plaintiff and defendant; and that the facts were insufficient to constitute a cause of action. Plaintiff had judgment on the demurrer, which was sustained at general term in the court below.

Bank v. Ibbotson, 24 Wend. 473, is to the effect that an action at law to recover the amount of his demand may be maintained by a single creditor against a single stockholder to enforce the latter's liability under a statute which provides that for all debts due and owing by the corporation at the time of its dissolution the persons composing it shall be individually responsible to the extent of their respective shares of stock, and is therefore decisive of the questions presented on this appeal

concerning the jurisdiction of the court below and the nonjoinder of parties plaintiff and defendant. The liability imposed upon defendant by the charter of the American Loan & Trust Company is in all respects similar to that enforced in Bank v. Ibbotson, and there is an obvious distinction between that case and and the class of cases relied on by the appellant,—Hornor v. Henning, 93 U. S. 229, and Anderson v. Speers, 21 Hun, 568. In the last-mentioned cases the liability of the stockholder or officer of a corporation for its debts extended only to the excess of liabilities over and above the assets, the amount of which was ascertainable only by means of a discovery and an accounting,—remedies which are peculiar to courts of equity. The allegations of the complaint are claimed to be defective for the purposes of a cause of action because of the omission to recite that judgment was recovered against the American Loan & Trust Company for its indebtedness to plaintiff, and the issue of execution thereunder; but counsel for appellant does not refer us to any need for these recitals. Nor do the cases cited by him to sustain this ground of demurrer (Stephens v. Fox, 83 N. Y. 313; Allen v. Clark, 108 N. Y. 269, 15 N. E. Rep. 387) so hold. The decision in both cases was not that the recovery of judgment against the corporation for the amount of its indebtedness is essential to the maintenance of an action to enforce the stockholder's or officer's statutory obligation, but that such a judgment is admissible in evidence, and constitutes prima facie evidence of the indebtedness. If defendant's liability, as in Hornor v. Henning and Anderson v. Speers, supra, extended only to the excess of the corporation's liabilities over and above its assets, it might be construed as a security only for the payment of debts, and the need for the recovery of judgment and execution thereunder, wholly or partly unsatisfied, be existent to prove the corporation's default. As it is, the defendant is liable as an original debtor. Wolverton v. Taylor, (Ill. Sup.) 23 N. E. Rep. 1007. The judgment appealed from should be affirmed, with costs. All concur.