(6 Misc. Rep. 77.)

### STRAUSS et al. v. TROTTER.

(Common Pleas of New York City and County, General Term. December 4, 1893.)

1. NEGOTIABLE INSTRUMENTS—INTERPRETATION.
    A joint "or" several liability is a joint "and" several liability.

2. PARTIES—MISJOINDER AS A DEFENSE.
    In an action on a joint or several liability, misjoinder of parties defendant is no defense, but judgment goes against a defendant upon his several liability.

3. PLEADINGS.
    Denial of a legal conclusion is nugatory.

4. ACCORD AND SATISFACTION—WHAT CONSTITUTES.
    Acceptance of an indorsed promissory note of the debtor in payment and satisfaction of his existing indebtedness for goods sold is a valid accord and satisfaction, and so merges and extinguishes the original debt.

5. CORPORATIONS—LIABILITIES OF TRUSTEES.
    In an action against trustees under the act of 1875, a judgment against the corporation is not requisite.

6. SAME—SEVERAL JUDGMENT—EFFECT OF.
    A judgment against one trustee upon his several liability does not discharge or affect the liability of another trustee.

7. NEGOTIABLE INSTRUMENTS — RECOVERY AGAINST INDORSER — EFFECT OF ON MAKER.
    A judgment against the indorser does not discharge or affect the liability of the maker of a note.

8. PLEADINGS—DEMURRER TO ANSWER—WHAT QUESTIONS RAISED.
    The rule that upon demurrer to the answer the complaint is open to question exposes the complaint to challenge only for want of jurisdiction or cause of action, but not to the objection of a defect of parties.

9. SAME—COMPLAINT—DEFECTS CURED BY ANSWER.
   A defect for which the complaint would be condemned on demurrer is supplied and repaired by allegation of the requisite fact in the answer. (Syllabus by the Court.)

Appeal from special term.

Action by Lazarus Strauss and another against Charles E. Trotter and others. From a judgment sustaining a demurrer to his answer, defendant Trotter appeals. Affirmed.

Action to recover of defendant, trustee of Manhattan Athletic Club, a domestic corporation, upon its promissory note for $2,866.10, payable four months after date. The note was indorsed by Hughes and Hoyt, themselves trustees. The summons issued against 20 trustees, but was served on appellant only. The action proceeds upon section 8, c. 267, Laws 1875, as follows: "The trustees, directors, or managers of any society or corporation organized under the provisions of this act shall be jointly or severally liable for all debts due from said society or corporation contracted while they are trustees, provided said debts are payable one year from the time they shall have been contracted, and provided a suit for the collection of the same shall be brought within one year after the debt shall become due and payable." Other essential facts appear in the opinion.

Argued before DALY, C. J., and BOOKSTAVER and PRYOR, JJ.

George W. Carr, for appellant.

Taylor, Thompson & Kaufman, (Daniel G. Thompson and Edward S. Kaufman, of counsel,) for respondents.

PRYOR, J. We are of opinion that neither of the five defenses interposed to the complaint is tenable.

1. Acknowledging himself a trustee, the appellant denies that all his codefendants were trustees; that is to say, he pleads a misjoinder of parties defendant. At common law the defect was fatal, upon the ground that "a contract by X. and Y. is a different contract from one by X. alone." Dicey, Parties, p. 12, and marg. p. 507. To prevent a miscarriage of justice upon so technical an objection, the Code provides (section 456) that where the summons issues against two or more defendants alleged to be severally liable, and is served upon some only, these may be proceeded against as if the only defendants named; and that where the summons is served upon all, the plaintiff may take judgment against one or more, where he would be entitled to judgment if the action were against the one or more only. The complaint exhibits the joint and several liability of the defendants, and so judgment may well go against the appellant alone. Stedeker v. Bernard, 102 N. Y. 327, 6 N. E. 791; Brumskill v. James, 11 N. Y. 294; Pruyn v. Black, 21 N. Y. 300; McIntosh v. Ensign, 28 N. Y. 169. Appellant's denial of liability, being a traverse of a legal conclusion, is, of course, nugatory. The office of an answer is to raise issues of fact; and in pleading, questions of law may be presented only by demurrer.

2. Alleging that the note was accepted by plaintiff in payment and satisfaction of a precedent debt of the club corporation for goods sold, appellant contends that he is discharged from liability. From liability for the club's original indebtedness appellant is doubtless discharged by the extinction of that indebtedness; but he

is sued, not upon that indebtedness, but upon the note in which it is merged. That it is so merged appellant himself avers, and hence Parrott v. Colby, 6 Hun, 55, and Iron Co. v. Walker, 76 N. Y. 521, are no authority for the validity of the defense. Independently, however, of appellant's express admission, his answer discloses that the note is fortified by the indorsement of third parties; and hence the case is not within the operation of the principle he invokes, namely, that a debtor's promise alone is ineffectual to merge or extinguish his antecedent obligation. Jaffray v. Davis, 124 N. Y. 164, 173, 26 N. E. 351; Luddington v. Bell, 77 N. Y. 138; Allison v. Abendroth, 108 N. Y. 470, 472, 15 N. E. 606; Cumber v. Wane, 1 Smith, Lead. Cas. pt. 1, p. 595, and notes.

3. The insufficiency of this defense that no judgment has been obtained against the club is so conclusively settled by adjudication as to render argument upon it not only superfluous, but impertinent. Bank v. Andrews, (Com. Pl. N. Y.) 21 N. Y. Supp. 948; Merritt v. Goodrich, Id. 949; Robinson v. Fay, (Sup.) 19 N. Y. Supp. 120; Rogers v. Decker, 131 N. Y. 490, 30 N. E. 571.

4. The fourth defense challenges the constitutionality of the act imposing defendant's liability; but, as the appellant fails to sustain the proposition either by argument or authority, we are to presume it thrown out merely as tabula in naufragio. Its invalidity is self-evident.

5. For final defense to the action appellant alleges judgment recovered by plaintiffs against an indorser of the note, and attributes to that judgment the effect of satisfying and discharging his liability. If the judgment against Hoyt be, upon his indorsement, a distinct, different, and independent contract, then manifestly it is no merger or satisfaction of the club's liability as maker of the note. Ely v. Clute, 19 Hun, 35; Kelsey v. Bradbury, 21 Barb. 531; Bank v. Blair, 44 Barb. 641. If the judgment were upon Hoyt's liability as trustee, then, since that liability was joint "or" several,—an equivalent expression for joint "and" several, (Dicey, Parties, Rule 50, p. 234,)—the judgment would be no bar to the action against appellant, another trustee. 5 Lawson, Rights, Rem. & Pr. § 2582; 15 Amer. & Eng. Enc. Law, p. 345. Although his defenses be invalid, the appellant still insists that he should have judgment on the demurrer, because of defects in the complaint. That upon demurrer to the answer the complaint is open to question, is common learning; yet upon such demurrer the complaint may not be challenged for formal defects, but only for substantial insufficiency; e. g. for failure to exhibit a cause of action. People v. Booth, 32 N. Y. 397; Girvin v. Hickman, 58 How. Pr. 244; Newman v. Board, 1 Lans. 476; Noxon v. Bentley, 7 How. 316; Schwab v. Furniss, 4 Sandf. 704; Allen v. Crofoot, 7 Cow. 46; Tubbs v. Caswell, 8 Wend. 130; Roberts v. Kelly, 2 Hall, 307. "However defective may be any of the defenses, they are not liable to demurrer while the pleading which they assume to answer is radically insufficient to call for any defense whatever." Allen v. Malcolm, 12 Abb. Pr. (N. S.) 336. "An entirely bad answer is good upon a demurrer where there is an entirely bad complaint." Morey v. Ford, 32 Hun, 448. Omission of objection by an-

swer or demurrer waives every infirmity in a complaint save only want of jurisdiction or cause of action. Code, § 499. It follows, therefore, that upon the demurrer to his answer the appellant may not avail himself of a defect of parties, if, indeed, such defect be apparent in the complaint. He contends, however, that the complaint is bad in substance, because it fails to show that the debt of the club corporation was contracted while he was acting as trustee, was payable within a year, and was sued upon within a year after due. Whether compliance with these conditions of appellant's liability be apparent depends upon whether the note be itself the debt of the club corporation, or only the evidence and extension of its antecedent indebtedness. If the latter, then the complaint omits to state the facts which the statute prescribes as indispensable to the action. It must be conceded that, upon the face of the complaint, it is questionable whether the note be itself the debt, or only the renewal and extension of the previous debt; and that so the complaint is insufficient in substance. Clark v. Dillon, 97 N. Y. 370. But a defect for which a complaint would be condemned on demurrer will be supplied and repaired by allegation of the requisite fact in the answer. Cohu v. Husson, 113 N. Y. 662, 21 N. E. 703; Haddow v. Lundy, 59 N. Y. 320, 328; Pratt v. Railroad Co., 21 N. Y. 305, 313; Bate v. Graham, 11 N. Y. 237; Lyon v. Logan, 68 Tex. 521, 5 S. W. 72; Henry v. Sneed, 99 Mo. 407, 12 S. W. 663. Here the answer exhibits that the note of the club in suit, though given for an existing indebtedness, was secured by the indorsement of third parties, and was accepted by the plaintiffs in payment and satisfaction of their original demand. That thus the note was a valid accord and satisfaction, and is itself the debt for which appellant is responsible, is already demonstrated in the discussion of the second defense, supra. It results that the conclusion of the court below is correct. Judgment affirmed, with costs. All concur.