JOHN SHANLEY, Appellant, *v.* DAVID M. KOEHLER, Respondent.

*Accord and satisfaction — the acceptance by a creditor, "in full settlement of his account," of fifty dollars in cash and the debtor's note for fifty dollars and its subsequent payment do not discharge a judgment for two hundred and twenty-six dollars.*

Where a person, against whom a judgment for two hundred and twenty-six dollars and twenty-nine cents has been obtained, makes an arrangement with the judgment creditor, by which the latter agrees to satisfy the judgment upon receiving from the judgment debtor fifty dollars in cash and his unindorsed promissory note for fifty dollars, payable in three months, with interest, and, in pursuance of this arrangement, the judgment debtor pays the fifty dollars in cash, gives the promissory note and pays the same at maturity, taking from the judgment creditor a receipt stating that the payment was "in full settlement of his account," the transaction does not constitute an accord and satisfaction which will prevent the judgment creditor from subsequently enforcing the judgment for the amount remaining unpaid thereon.

Appeal by the plaintiff, John Shanley, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 14th day of November, 1902, upon the decision of the court, rendered after a trial at the New York Special Term, dismissing the complaint upon the merits.

*Michel Kirtland,* for the appellant.

*Arnold Charles Weil,* for the respondent.

Ingraham, J. :

On the 15th day of May, 1896, the defendant recovered a judgment against the plaintiff for $226.29. That judgment was duly docketed in Kings county, and execution was issued to the sheriff of Queens county, which execution was duly returned by such sheriff wholly unsatisfied. In July 1896, the plaintiff having applied to the defendant to settle this judgment, the defendant asked the plaintiff if he had $50 to give then, to which the plaintiff replied that he had not, but that " in about two months I will give you $50." The defendant then referred the plaintiff to a Mr. Lax, by whom an agreement was made whereby the amount of the judgment was to be satisfied by the plaintiff paying to the defendant fifty dollars in cash and giving a promissory note for fifty dollars payable three months from date, which was subsequently executed. The plaintiff paid to the defendant fifty dollars in cash and gave his unindorsed note dated July 17, 1896, for fifty dollars, with interest at six per cent, when a receipt was given as follows :

"New York, *July* 17, 1896.

" Received from John Shanley Fifty no∕100 Dollars and a promissory note made by said Shanley for $50.00 bearing date July 17∕96, at 3 months. If said note is paid at maturity it will be in settlement of judgment obtained by me. Said note being payable at this office, 112 Broad St., N. Y. City.

"R. LAX,

"For D. M. Koehler."

When this note was paid the defendant was present. Plaintiff then told him that he was going to pay the note, and Koehler said, " Go on and give Mr. Shanley a receipt in full," and the following receipt was given :

"NEW YORK, *Oct.* 16/96.

"Received from John Shanley Fifty 00/Dollars in full settle-tlement of his account.

"D. M. KOEHLER & SON CO."

Nothing further seems to have been done until September 30, 1902, when the plaintiff asked Koehler to satisfy the judgment of record, which the defendant declined. The plaintiff subsequently became the owner of real property in the county of New York, upon which this judgment was a lien, and brought this action to have the judgment satisfied. The court found that on or about July 17, 1896, the plaintiff made an agreement with the defendant, whereby it was agreed between them that if the plaintiff would pay fifty dollars cash and give his negotiable promissory note for fifty dollars, payable three months from date, and pay the same at maturity, the performance of said agreement would be a full settlement and satisfaction of said judgment; that thereupon the plaintiff did pay to the defendant the sum of fifty dollars and at the same time deliver to the defendant his negotiable promissory note for the sum of fifty dollars, dated July 17, 1896, with interest; that the plaintiff paid to the defendant the said sum of fifty dollars and interest, the full amount due on said promissory note, and received the note from the defendant and also a receipt in full, and the defendant thereupon promised to have said judgment satisfied of record, and, as a conclusion of law, that the making of the agreement between the defendant and the full performance of the terms and conditions thereof by the plaintiff, and the acceptance thereof by the defendant, was not and is not an accord and satisfaction of the judgment referred to, and directed judgment dismissing the complaint. This precise question was presented in the case of *Moss* v. *Shannon* (1 Hilt. 175), where it was decided by the Court of Common Pleas that "the payment of part of a debt, and giving the debtor's note for part of the balance, can never discharge the whole indebtedness without a release. The debtor's note amounted to nothing. He only agreed by it to pay at a future time what he was bound to pay at the present moment, and afforded no new consideration for any contract at the time." This case was founded upon several cases in the Supreme Court, which are all discussed by Judge COWEN in *Waydell* v. *Luer* (5 Hill, 448). That case was subsequently reversed by the Court of Errors in 3

Denio, 412. The question presented in this case was not, however, presented there, and the reversal does not appear to have doubted the correctness of the rule that the giving by a debtor to a creditor of his own promissory note was not a consideration for an agreement that it should be received in full satisfaction of the debt, or, on payment of the note, an accord and satisfaction. (See opinion of Davis, P. J., in *Parrott* v. *Colby*, 6 Hun, 55.) In *Luddington* v. *Bell* (77 N. Y. 138) the question presented was whether the giving of his individual note by one of the members of a partnership after its dissolution for a copartnership debt was a good consideration for an agreement on the part of the creditor to release and discharge the maker from liability for the debt; and it was held that giving and accepting such a note under such an agreement was an accord and satisfaction of the copartnership debt and released the other members of the copartnership. The court, in that case, holds that the opinion of Lott, Senator, in *Waydell* v. *Luer* (3 Denio, 410) was accepted by the court; that the acceptance of the individual note of one partner may be preferable and a better security than a demand against the firm, and, quoting from *Waydell* v. *Luer* (*supra*), says: "When, therefore, a creditor agrees to release a joint indebtedness by the acceptance of a note or any other obligation of one of his debtors in payment, he receives a consideration which may be more valuable to himself than the original claim. Whether it is in fact so is wholly immaterial. The slightest consideration is sufficient to support the most onerous obligation. * * * Indeed, the additional obligation assumed by one of its debtors, by becoming responsible severally for the entire debt, would of itself render it a valid agreement. It is not necessary that there should be a benefit. Damage or loss by one party, sustained at the request of the other, is sufficient." In *Bliss* v. *Shwarts* (65 N. Y. 444) the opinion delivered by Commissioner Dwight states the general proposition: "Unless the settlement by the plaintiffs with the defendant can be shown to have been based on some sufficient consideration, the arrangement entered into by them was inoperative and void, and the defendant is still liable. This is an elementary rule of law, and is not denied by the defendant." The defendant in that case claimed that the case was taken out of the general rule " because the acceptance by Kopper (acting

for the plaintiff) of the draft of Butler & Co. on Duncan & Sherman was sufficient evidence of a new consideration to uphold the transaction, even though the plaintiffs did not participate in the general plan of compromise." In relation to this point the court said : "The evidence is entirely clear that the payment to be made to the plaintiffs was to be in cash. It was then shown in evidence that to 'carry out this settlement' Mr. Butler gave his draft on Duncan & Sherman to Kopper, acting for the plaintiffs.  *  *  * The draft must be regarded merely as a mode of paying the cash." The agreement in that case which it is claimed discharged the defendant was that the plaintiffs agreed upon a settlement of their claim against the defendant to a payment of twenty-five per cent of the claim, one-half in cash and the defendant's note payable in twelve months for the other half, and in addition thereto $250 in cash and $50 added to the note. This note was paid at maturity, and the plaintiffs' agent, as a part of the transaction between the plaintiffs and the defendant, gave a receipt in full for all claims of the plaintiffs and surrendered the original note to the defendant; and it was held that this was not an accord and satisfaction, and that there was no consideration for the agreement to discharge the balance of the claim. I cannot find that these cases, or the principle established in them have ever been questioned. It is true that the principle that the payment of a lesser sum in satisfaction of a greater is no consideration for an agreement to discharge the balance of the indebtedness has been criticised, but it has been universally recognized to be the rule and uniformly enforced. The courts have been inclined to limit the application of this rule and to seize hold of any benefit, however slight, to the creditor or any disadvantage to the debtor, and accept it as a consideration upon which an accord and satisfaction could be based. Judge ANDREWS in *Allison* v. *Abendroth* says (108 N. Y. 470): "But it is held that where there is an independent consideration, or the creditor receives any benefit or is put in a better position, or one from which there may be legal possibility of benefit to which he was not entitled except for the agreement, then the agreement is not *nudum pactum*, and the doctrine of the common law to which we have adverted has no application." So in *Jaffray* v. *Davis* (124 N. Y. 164) it was held that where one

indebted on an open book account gave to his creditor his promissory notes for one-half of his debt, secured by a chattel mortgage, under an agreement with the creditor that he would accept the same in full satisfaction and discharge of the debt, and the debtor paid the notes as they became due and the creditor satisfied the mortgage, the new agreement was valid and supported by a sufficient consideration. To sustain the contention of the plaintiff that there was an accord and satisfaction of this judgment, the plaintiff must establish that there was a consideration for the promise to accept cash payment of $50 and a promissory note for an additional $50 which, upon payment of the note, was to satisfy and discharge the judgment. Whether or not such payment would be sufficient to discharge an unliquidated demand for a greater amount it is not necessary to determine. It clearly would, where there was any real dispute as to the amount due, and it may be that giving a creditor a promissory note for a portion of an amount resting in an open account, placing the creditor in a position which would enable him to more speedily obtain payment of the amount represented by the note, would be an advantage to the creditor, or disadvantage to the debtor, which would be a sufficient consideration to support the agreement to accept a lesser sum than claimed by the creditor, but in this case the defendant had obtained a judgment for his demand, and the amount due was then actually liquidated and determined. He could enforce that judgment at any time by execution. A receipt by him of the whole $100 in cash would clearly not have been a sufficient consideration for an agreement to discharge the remainder of the judgment, and the receipt of the judgment debtor's own promissory note for $50 would put the judgment creditor in no better position than he was in at the time the note was accepted. No possible advantage could accrue to him upon the receipt of this note which he did not have at the time the note was given. He had a judgment which he could enforce by execution. If the note was not paid he could enforce it in no other way than by a new action against the plaintiff which would result in a new judgment which would be no better security for the defendant than the judgment he had already obtained. Nor was the giving of this note in any sense an injury to the plaintiff. Whether or not there is a consideration must appear from the facts

of each particular case, and in this case it is quite evident that there was no consideration for the agreement.

It follows that judgment appealed from must be affirmed, with costs.

Van Brunt, P. J., O'Brien, McLaughlin and Hatch, JJ., concurred.

Judgment affirmed, with costs.