DAVID L. KAYE, Judgment Creditor, *v.* JACOB E. ZEVIN, Judgment Debtor.

City Court of New York, Bronx County, April 24, 1928.

**Judgments — payment — parties agreed to settle judgment for less than face — said agreement is unenforcible.**

An agreement between a judgment debtor and a judgment creditor, whereby the creditor agrees to accept a sum less than the face of the judgment, is void and unenforcible, for such an agreement is without consideration.

MOTION for an order vacating an order made March 20, 1928, directing the above-named judgment debtor to appear and be examined in proceedings supplementary to execution on a judgment against him by the above-named judgment creditor for $712.45, and for a further order directing and commanding the judgment

creditor herein to accept from the judgment debtor the sum of $50 as final payment and in complete satisfaction of said judgment.

*Harry H. Lipsig,* for the judgment creditor.

*Lazar Dworkin,* for the judgment debtor.

DONNELLY, J.  A stipulation was entered into between the parties, which provides, in substance, that the judgment for $712.45 be " settled " for the sum of $300, $100 of which was paid forthwith, and $200 in eight months, payable $25 monthly, commencing the 1st day of June, 1927, and on the first day of each and every month thereafter until the total of the eight notes was paid, and that " in the event of default in the making of any one payment, the plaintiff is to be free to proceed upon the judgment herein for the full amount thereof less any payments made to the date of said default."  The checks for the installments due December 1, 1927, and January 1, 1928, respectively, were not sent until January 4, 1928.  Each of these was returned by the judgment creditor, with the statement that they were " too late."  The judgment debtor insists that the judgment creditor, by accepting previous payments after their due dates, is estopped from claiming default in payment of the last two installments, and further contends that the stipulation between the parties constitutes an accord and satisfaction of the judgment.  It is an elementary proposition that a creditor cannot bind himself by a simple agreement to accept a smaller sum in lieu of an ascertained debt of larger amount, such an agreement being *nudum pactum.*  The instant case is distinguishable from that of *Meeker* v. *Requa* (94 App. Div. 300), where the judgment was satisfied *after* a settlement was made, and subsequent to an agreement of the debtor in supplementary proceedings, and where the debtor, pursuant to his agreement, paid a smaller amount in installments out of his salary. In *Shanley* v. *Koehler* (80 App. Div. 566), which was an action to have the judgment satisfied, it was held that the fact that after the judgment was obtained, there had been a settlement agreement, pursuant to which the judgment debtor had paid money and given a note, the total amount of which was less than half the amount of the judgment, did not discharge the judgment, there being no consideration for the new agreement.

Motion for reargument granted, and, on reargument, the order entered herein on March 28, 1928, is vacated, and the motion to vacate the order made March 20, 1928, and to compel the judgment creditor to accept from the judgment debtor the sum of fifty dollars as final payment and in complete satisfaction of the judgment herein, is denied.  Order filed,