CASE 64—PETITION ORDINARY—SEPTEMBER 24.

# Ricketts vs. Hall & Long.

**APPEAL FROM JEFFERSON COURT OF COMMON PLEAS.**

Compounding a debt between a creditor and his failing debtor, when no fraud nor unfair concealment by the latter is alleged, is now upheld as being upon a sufficient valid consideration, and especially when the debtor either secures the amount by another name, or transfers obligations on other persons for the amount agreed on.

GIBSON & FOX,                                For Appellant,

CITED—

6 *Wisconsin,* 175 ; *Reed vs. Hibble.*

2 *Duer* (*N. Y.*), 413 ; *Webb vs. Goldsmith.*

JAMES SPEED,                                For Appellant,

CITED—

2 *Parsons on Contracts, sec.* 4, *page* 681.

23 *Vermont,* 561 ; *Babcock vs. Hawkins.*

5 *Tenn.,* 573 ; 20 *John.,* 76.

1 *Wendell,* 164 ; 3 *Wendell,* 450.

14 *Wendell,* 166 ; 21 *Wendell,* 450.

2 *Duer.,* 413.

HELM, BRUCE & RUSSELL,                        For Appellees.

JUDGE WILLIAMS DELIVERED THE OPINION OF THE COURT:

Whatever may once have been regarded as law, among modern commercial nations, and especially in England and America, the compounding a debt between a creditor and his failing debtor, when no fraud nor unfair concealment by the latter is alleged, is now upheld as

being upon a sufficient valid consideration, and espe-
cially when the debtor either secures the amount by
another name, or transfers obligations on other persons
for the amount agreed on.

The firm of H. J. Lyons & Co. being indebted to ap-
pellees, on a stated account, in the sum of $37,161 78,
March 31, 1865, and they having failed on April 12,
1865, paid to appellees, in obligations on other persons,
$17,508 91—it being a payment, and on the conditions,
as stated in their written acknowledgment of that date,
that the appellees should "retain the right of returning
them, if not satisfactory to us, at the expiration of thir-
ty days. We agree, in receiving this, if, upon a final
adjustment, they are unable to pay more, to release
them from further liability; but no release will be made
unless we are paid as much, *pro rata*, as any other
creditor." These obligations on others have not been
returned.

It is evident from this obligation that there had been
a compounding, but that the creditors, out of abundant
caution, were not willing to execute a formal release
until, by a final adjustment of the affairs of H. J. Lyons
& Co., it should be ascertained whether the firm could
pay more; and if they could or should pay more to any
other creditor, then appellees should be paid a *pro rata*
on their debts with the most favored creditor; all of
which still evidences a compounding, and contemplates
a release of a portion of said indebtedness. Whether
this release should be for the entire remainder or only
a portion of their debt, was to depend on the ability
of Lyons & Co. to pay more, or their actually paying
a larger *pro rata* to some other creditor.

The appellant, as the only member of the firm of
Lyons & Co. now before the court, answered that the

debtors were unable to pay more to their creditors, nor had they paid more to any other creditor. To this answer the court improperly sustained a demurrer, for if the answer be true, appellees are neither entitled to a judgment nor to collect any part of the remainder of their debt, and can only be entitled to recover upon showing the ability of Lyons & Co. to pay more, or that they have actually paid some other creditor a larger *pro rata*. These are issuable facts, and until found against Lyons & Co., the writing executed by appellees will be sufficient to prevent their recovery.

The authorities to sustain this view are numerous, and will not be referred to.

Wherefore, the judgment is reversed, with directions to overrule the demurrer to appellant's answer.