CYRENA FERRY, Respondent, *v.* DELEVAN STEPHENS et al., Appellants.

66  321
120  266
66  321
124  171

In an action to enforce specific performance of an agreement to convey lands, the court found, in substance, that one S., intending to give to plaintiff certain lands, executed a contract for the sale and conveyance thereof to her on payment of $1,100, which she agreed to pay. It was never intended that she should pay any thing, and S. subsequently indorsed upon the contract a receipt in full of the purchase-price; no money was in fact paid. *Held*, that whatever may have been the intent, the agreement to convey was not voluntary, as it was for a valuable consideration; that the contract did not operate as a gift of the land, and conclusively rebutted an intent to make a present gift; that the findings were in effect that the vendor, to accomplish his purpose of giving the lands, gave the debt which represented his interest therein; that the receipt operated as a valid and complete gift of the debt, leaving the right of the plaintiff to a conveyance in force, as if the debt had been paid.

(Argued May 24, 1876; decided June 6, 1876.)

APPEAL from order of the General Term of the Supreme Court, in the fourth judicial department, reversing a judgment in favor of defendants, entered upon a decision of the court on trial at Special Term. (Reported below, 5 Hun, 109.)

This action was brought to enforce the specific performance of a contract between one Vincent Stephens and plaintiff for

the sale and conveyance by the former to the latter of certain premises in the village of Hornellsville, Steuben county. By the contract, which was in writing, dated March 10, 1862, Stephens agreed to sell the premises for the sum of $1,100, payable in annual installments, which plaintiff agreed to pay, and, upon payment being completed, Stephens agreed to convey. Plaintiff was the sister of Stephens. The court found the following facts, among others:

"That at the time of making said contract, it was the object and intention of Vincent Stephens to make a gift of the said premises to the plaintiff, and the same was so understood by the plaintiff. That it was not intended by either of the parties to said contract that any consideration should be paid for said premises, and that the consideration was inserted in said contract to conceal the fact that it was a gift from other brothers and sisters of the said Vincent Stephens, who were interested in the disposition of his estate.

"That on the 18th day of April, 1862, the said Vincent Stephens indorsed upon the said contract a receipt in full of the purchase-price of said premises, but no payment was ever in fact made to him thereon, nor was it ever intended that any payment should be made; and, in fact, the said plaintiff has never paid any part of the consideration of said contract.

"That in the month of June, 1862, Vincent Stephens died, having made a will of real and personal estate, which was duly proved before the surrogate of the proper county, in and by which he devised the said premises to the defendant, Delevan Stephens."

The court found, as conclusion of law, "that the said contract being a mere voluntary executory promise to give lands to the plaintiff, the specific performance cannot be enforced in equity," and thereupon directed judgment, dismissing the complaint.

*William Rumsey* for the appellants. No presumption of payment by plaintiff can create the equitable title necessary to sustain a decree for specific performance. (*Morey* v. *F. L*

*and T. Co.*, 14 N. Y., 302, 307, 308; *Lawrence* v. *Ball*, id.,
477, 480; *N. Y. L. Ins. and T. Co.* v. *Covert*, 6 Abb. Pr.
[N. S.], 154; *Jones* v. *Mer. Bk.*, 4 Robt., 221; 6 id., 162.)
To constitute a gift, there must be delivery of the subject of
the gift with the intention to give it. (*Taylor* v. *Fire Dept.*,
1 Edw. Ch., 294; *Doty* v. *Wilson*, 47 N. Y., 580, 583.)   The
intent is solely a question of fact. (*Thurston* v. *Cornell*, 38
N. Y., 281, 287; *Kerrains* v. *People*, 60 id., 221, 228, 229;
*Fisk* v. *Chester*, 8 Gray, 506, 508.)   No consideration having
passed from plaintiff, the mere promise to convey to her the
lands was not sufficient to pass the title. (*Moore* v. *Moore*,
L. R., 18 Eq., 474, 482; *Antrobus* v. *Smith*, 12 Ves., Jr.,
39, 46; *Edwards* v. *Jones*, 1 M. & Cr., 226, 237; *Coleman*
v. *Sorrel*, 1 Ves., Jr., 50; *Ellison* v. *Ellison*, 6 id., 659; 1 L.
Cas. in Eq. [3d Am. ed.], 199, 218 [m. p.]; *Bunn* v. *Win-
throp*, 1 J. Ch., 329; *Minturn* v. *Seymour*, 4 id., 497;
*Heartley* v. *Nicholson*, L. R., 19 Eq., 233, 243; *Milroy* v.
*Lord*, 4 D., F. & J., 264; *Warrener* v. *Rogers*, L. R., 16
Eq., 340; *Richards* v. *Delbridge*, L. R., 18 id., 11, 15.)
Plaintiff must pay the money called for by the contract before
she is entitled to a conveyance.   (2 Pars. on Con., 530, note;
1 Wm. Saund., 481; *Cadwell* v. *Blake*, 6 Gray, 402, 409;
*Smith* v. *Brady*, 17 N. Y., 173, 189, 190.)

*Harlo Hakes* for the respondent.   There was a valid gift to
plaintiff of the money due on the contract.   (2 Kent's Com.,
439; *Champney* v. *Blanchard*, 39 N. Y., 111–115; *Westerlo*
v. *Dewitt*, 36 id., 1340; 10 J. R., 294; *Gray* v. *Barton*, 55
N. Y., 68.)

ANDREWS, J.   The judgment of the Special Term cannot
be sustained on the ground upon which it was placed, that
the action is brought to enforce the specific performance of a
voluntary agreement for the conveyance of land.   There was
no want of consideration for the promise of Vincent Stephens
to convey the land.   The promise of the plaintiff to pay the
purchase-price was a valid consideration for the promise of

the other party. The agreement was in writing, signed by both parties, and was mutually obligatory. It is quite immaterial, in the absence of fraud or mistake, neither of which is claimed, what object or intention the parties may have had at variance with the terms of the agreement, or that both understood that the vendor would not exact the payment of the purchase-money, or that he intended to give the land to his sister. The contract did not operate as a gift of the land, and the intention to give the land could only be consummated by an actual conveyance, and the intention to make a present gift is conclusively rebutted by the covenant which the vendor took for the payment of the consideration. The parol understanding between the parties would be no answer to a suit brought by the vendor to enforce the performance of the plaintiff's promise to pay the purchase-money. The suit was not, therefore, as the learned judge of the Special Term seemed to suppose, brought to enforce a voluntary executory promise to give the land to the plaintiff. The payment of the purchase-money by the plaintiff was made by the agreement a condition precedent to the obligation of the vendor to convey the land, and the plaintiff, in order to entitle herself to a specific performance of the contract, was bound to show that payment, in fact, had been made, or that her promise to pay the purchase-money had, in some way, been satisfied. It is conceded that there was no actual payment of any part of the consideration. The plaintiff, to maintain her right of action, relies upon the fact that her brother, about a month after the contract was made, indorsed upon it a receipt in full of the purchase-price. The judge also found that the plaintiff's brother, when the contract was made intended to give her the land, and that the consideration was inserted to conceal this intention from other relatives, and in connection with the finding that the receipt was subsequently indorsed on the contract, he finds that it was never intended that any payment should be made thereon. These findings, taken together, are equivalent to finding that the vendor, to accomplish his purpose to give the

land to his sister, gave her the debt which represented his interest in the land. He became, on the execution of the contract of sale, a trustee for the plaintiff of the land, having a lien for the purchase-money, and she became his debtor for the consideration.

That the receipt was intended as a gift of the debt is clearly inferable from the facts found. His primary intention was to give her the land. The gift of the debt would not give her the legal title, but it gave her the whole beneficial interest, provided it operated as a legal satisfaction of her promise. The position of the General Term, that when the lien of the vendor, under a contract for the sale of land, for the purchase-money, is extinguished by payment or by what, as respects the vendor, was equivalent to payment, he becomes a naked trustee, and is bound to convey to the vendee the legal title, admits of no controversy. There was no intention in giving the receipt that the vendor should be discharged from his promise. It states that the money expressed therein, was received to apply on the contract. Whether the giving of a receipt for the debt was effectual to confer the benefit intended, is a question of law, but it is clear, from the facts found, that the receipt was intended to operate as a forgiving and satisfaction of the plaintiff's obligation under the contract, so as to leave the right of the plaintiff to a conveyance in force as if the debt had been paid. The case, therefore, comes to this single question, viz., was there a valid gift of the debt to the plaintiff by her brother. The case of *Gray* v. *Barton* (55 N. Y., 68), is a decisive authority for the plaintiff on this question. The plaintiff does not, in this case, seek the aid of the court to perfect an incomplete gift. The gift of the debt was complete upon the execution of the receipt. The vendor's purpose of giving the land has never been executed, only so far as it results from his giving the plaintiff the debt for the purchase-money. The plaintiff's obligation under the contract having been satisfied, the only unperformed stipulation remaining, is that of the vendor to convey the land, and this action is brought to enforce that stipulation.

The language of GROVER, J., in *Gray* v. *Barton*, answers the objection founded on want of consideration. He says, " the proof of want of consideration for the receipt was annulled and avoided by the proof that it was given to consummate a gift of the debt."

The judgment of the General Term should be affirmed, and judgment absolute for the plaintiff ordered on the stipulation.

All concur.

Order affirmed and judgment accordingly.