## WILLIAM R. MITCHELL AND ANOTHER *vs.* HENRY A. WHEATON.

While it is a general rule that the payment in money of a less sum than an entire liquidated debt, though agreed by the creditor to be in full of the debt, is not a good accord and satisfaction, yet the rule will not be applied where any other consideration for the creditor's agreement, even though slight, can be found.

A creditor had brought suit upon a liquidated debt of $299, and while it was pending agreed to accept of the debtor $150 in full of the debt, the debtor also to pay the costs and expenses of the suit when ascertained. The debtor paid the $150, and afterwards the amount of the costs and expenses, which was found to be $18. Held that this last payment made a sufficient additional consideration for the creditor's agreement, and that the transaction was a good accord and satisfaction.

ASSUMPSIT; brought to the Superior Court in Windham County. Facts found and case reserved for advice. The case is sufficiently stated in the opinion.

*S. Lucas* and *M. A. Shumway*, for the plaintiffs.

*T. E. Graves*, for the defendant.

PARK, C. J.   The plaintiffs brought the present suit to recover the sum of $299.48 for goods sold and delivered to the defendant.   While the suit was pending the parties came to a settlement in the state of New York, in which it was agreed that the defendant should pay the plaintiffs the sum of $150, and the costs and expenses of the suit when the same should be ascertained, and the plaintiffs agreed to accept this payment in full satisfaction and discharge of their claim. The defendant paid the $150, and took from the plaintiffs the following receipt: "New York, January 8th, 1876.   Received from Henry A. Wheaton one hundred and fifty dollars, to be in full of our account against him when the cost and expenses in suit by us against him are paid."   On the day following this transaction the costs and expenses of the suit were found to be the sum of eighteen dollars, which the defendant tendered to the plaintiffs, and subsequently paid to their attorney in the suit, who was authorized to receive it.

On the trial in the court below the defendant pleaded the accord and satisfaction in bar of the plaintiffs' cause of action.   The plaintiffs' replication set forth fraud on the part of the defendant, by means of which he induced the plaintiffs to settle and discharge their claim; and issue was joined on the question of fraud thus raised by the pleadings.   The court found the issue in favor of the defendant; and the plaintiffs thereupon prayed for judgment notwithstanding the finding, on the ground that a less sum of money than the whole debt could not be received in full satisfaction and discharge of the debt.   The court reserved the question for the advice of this court, whether upon these facts there was a discharge of the plaintiffs' cause of action.

The plaintiffs contend that the sum of one hundred and fifty dollars cannot be an accord and satisfaction for a debt of two hundred and ninety-nine dollars, when this last amount is found to be a debt agreed on and liquidated between the parties, on the ground that there was no consideration for giving up the remainder.   The principle of law sought to be applied by the plaintiffs has been long established and is well settled; still very little reason can be given for it, and courts

Mitchell *v.* Wheaton.

have always been ready to avoid applying it when any additional collateral consideration has appeared, upon which a technical distinction could be founded. The court in Massachusetts in the case of *Brooks* v. *White*, 2 Met., 283, thus comments on the principle:—"The foundation of the rule seems therefore to be, that in the case of the acceptance of a less sum of money in discharge of a debt, inasmuch as there is no new consideration, no benefit accruing to the creditor, and no damage to the debtor, the creditor may violate with legal impunity his promise to his debtor, however freely and understandingly made. This rule, which obviously may be urged in violation of good faith, is not to be extended beyond its precise import; and whenever the technical reason for its application does not exist, the rule itself is not to be applied." The court in New York in the case of *Kellogg* v. *Richards*, 14 Wend., 116, thus speaks of it:—"The rule that the payment of a less sum of money, though agreed to be received in full satisfaction of a debt exceeding that amount, shall not be so considered in contemplation of law, is technical and not very well supported in reason. Courts therefore have departed from it on slight distinctions." And the court held that the giving and receiving of the note of a third person in full satisfaction and discharge of a greater sum, was a valid discharge. The same doctrine was held in *Boyd* v. *Hitchcock*, 20 Johns., 76. It is said in Coke Litt., 212 *b*, that "if the obligor pay the lesser sum, either before the day or at another place than is limited by the condition, and the obligor receiveth it, this is a good satisfaction." The same doctrine may be found in *Warren* v. *Skinner*, 20 Conn., 559. These cases, and many others that might be cited, show how a slight additional consideration to the payment of a less sum of money for a greater sum may work a discharge of the entire claim.

Let us apply this doctrine to the case we have in hand. We have here a consideration additional to the payment of the $150 by the defendant. The defendant agreed to pay, and did afterwards pay, the costs and expenses of the plaintiffs' suit. The costs of the pending suit the defendant did not at the time owe the plaintiffs, and it was not certain that

he ever would. That would depend upon the result of the suit. At all events, the plaintiffs had no claim whatever against him for the costs of the suit when the settlement was made, and this brings the case within the doctrine of the cases referred to.

But the defendant not only paid the costs of the suit, but the expenses also. Those expenses embraced the amount which the plaintiffs owed their attorney for his services in the case, and which never could have been recovered of the defendant.

We think it is clear there was consideration sufficient for a valid accord and satisfaction.

The defendant's plea in bar is not technically an accord and satisfaction, because it does not allege that the plaintiffs received the $18 tendered to them as the costs and expenses of the then pending suit, but inasmuch as they prayed for judgment under all the circumstances of the case after the court had found the issue against them, they must take the fact that they received the amount before trial as found by the court. It is true, they claimed to have received it on account, but it was tendered as the costs and expenses, and they must have received it as such if they received it at all.

We advise judgment for the defendant.

In this opinion CARPENTER, PARDEE and GRANGER, Js., concurred. LOOMIS, J., was of opinion that the matter set up in the defendant's plea did not amount to an accord and satisfaction, but simply to a receipt in full pleaded in bar. He however concurred in the result because the plaintiffs' replication to the plea raised an issue of fact, namely, that the receipt was obtained by fraud, which issue was determined substantially by the finding of the court against the plaintiffs.