EDWARD S. JAFFRAY *et al.*, Respondents, *v.* SIEGFRIED DAVIS *et al.*, Appellants.

*Court of Appeals, January* 14, 1891.

Reversing 48 Hun, 500.

1. *Accord and satisfaction. Less sum.*—The payment of a sum less than the amount of a liquidated claim, if there is some additional benefit, or legal possibility of benefit to the creditor, is a sufficient consideration to support an agreement to accept the less sum in full payment.

2. *Same. Security.*—In such case, if the debtor gives his note for a portion of the sum secured by a chattel mortgage upon property owned by him, under an agreement that it shall be accepted in full discharge and satisfaction of the debt, such original indebtedness will be discharged.

This is an appeal from a judgment of the general term, first department, affirming a judgment rendered for the plaintiff upon a trial before a judge at a circuit without a jury.

*Isaac L. Miller*, for respondent.

*John W. Little*, with *O. F. Wisner*, of Michigan, for appellants.

POTTER, J.—The facts found by the trial court in this case were agreed upon. They are simple, and present a familiar question of law. The facts are that defendants were owing plaintiffs on the 8th day of December, 1886, for goods sold between that date and the May previous, at an agreed price, the sum of $7,714.37, and that on the 27th of the same December the defendants delivered to the plaintiffs their three promissory notes amounting in the aggregate to $3,462.24, secured by a chattel mortgage on the stock, fixtures and other property of defendants, located in East

Saginaw, Michigan, which said notes and chattel mortgage were received by plaintiffs under an agreement to accept same in full satisfaction and discharge of said indebtedness. "That said notes have all been paid, and said mortgage discharged of record."

The question of law arising from these facts and presented to this court for its determination is whether such agreement, with full performance, constitutes a bar to this action, which was brought after such performance to recover the balance of such indebtedness over the sum so secured and paid.

One of the elements embraced in the question presented upon this appeal is, viz., whether the payment of a sum less than the amount of a liquidated debt under an agreement to accept the same in satisfaction of such debt forms a bar to the recovery of the balance of the debt. This single question was presented to the English court in 1602, when it was resolved, if not decided, in Pinnel's case, 5 Co. R. 117, "that payment of a lesser sum on the day in satisfaction of a greater cannot be any satisfaction for the whole," and that this is so, although it was agreed that such payment should satisfy the whole. This simple question has since arisen in the English courts and in the courts of this country in almost numberless instances, and has received the same solution notwithstanding the courts, while so ruling, have rarely failed upon any recurrence of the question to criticise and condemn its reasonableness, justice, fairness or honesty. No respectable authority that I have been able to find has, after such unanimous disapproval by all the courts, held otherwise than was held in Pinnel's case, *supra*, and Cumber *v.* Wane, 1 Str. 426 ; Foakes *v.* Beer, House of Lords, 9 App. Cases, 605 (36 English Reports, 194) ; Goddard *v.* O'Brien, Queen's Bench Div. (vol. 30 Am. Law Reg. 637, and notes).

The steadfast adhesion to this doctrine by the courts in spite of the current of condemnation by the individual

judges of the court and in the face of the demands and con-
veniences of a much greater business and more extensive
mercantile dealings and operations, demonstrate the force of
the doctrine of *stare decisis*. But the doctrine of *stare decisis*
is further illustrated by the course of judicial decisions upon
this subject; for while the courts still hold to the doctrine
of the Pinnel and Cumber *v.* Wane cases, *supra*, they have
seemed to seize with avidity upon any consideration to sup-
port the agreement to accept the lesser sum in satisfaction of
the larger, or in other words to extract if possible from the
circumstances of each case a consideration for the new agree-
ment, and to substitute the new agreement in place of the old,
and thus to form a defense to the action brought upon the
old agreement. It will serve the purpose of illustrating the
adhesion of the court to settled law, and at the same time
enable us perhaps more satisfactorily to decide whether there
was a good consideration to support the agreement in this
case, to refer to (the consideration in) a few of the numerous
cases which the courts have held to be sufficient to support
the new agreement.

Lord Blackburn said in his opinion in Foakes *v.* Beer,
*supra*, and while maintaining the doctrine " that a lesser sum
cannot be a satisfaction of a greater sum," " but the gift of
a horse, hawk or robe, etc., in satisfaction is good," quite
regardless of the amount of the debt; and it was further
said by him in the same opinion " that payment and accept-
ance of a parcel before the day of payment of a larger sum
would be a good satisfaction in regard to the circumstance
of time ; " " and so if I am bound in twenty pounds to pay
you ten pounds at Westminster, and you request me to pay
you five pounds at the day at York, and you will accept it
in full satisfaction for the whole ten pounds, it is a good
satisfaction." It was held in Goddard *v.* O'Brien, 9 Q. B.
Div. 37 ; 30 Am. L. Reg. N. S. 637, " A being indebted to
B in 125 pounds, 7s. and 9d. for goods sold and delivered,
gave B a check (negotiable, I suppose) for 100 pounds,

payable on demand, which B accepted in satisfaction, was a good satisfaction." Huddleston, B., in Goddard *v.* O'Brien, *supra*, approved the language of the opinion in Sibree *v.* Tripp, 15 M. & W.. 26, " that a negotiable security may operate, if so given and taken, in satisfaction of a debt of a greater amount; the circumstance of negotiability making it, in fact, a different thing and more advantageous than the original debt which was not negotiable."

It was held in Bull *v.* Bull, 43 Conn. 455, " and although the claim is a money demand liquidated and not doubtful, and it cannot be satisfied with a smaller sum of money, yet if any other personal property is received in satisfaction it will be good, no matter what the value. And it was held in Cumber *v.* Wane, *supra*, that a creditor can never bind himself by simple agreement to accept a smaller sum in lieu of an ascertained debt of a larger amount, such agreement being *nudum pactum*, but if there be any benefit or even any legal possibility of benefit to the creditor thrown in, that additional weight will turn the scale and render the consideration sufficient to support the agreement.

It was held in Le Page *v.* McCrea, 1 Wend. 164, and in Boyd *v.* Hitchcock, 20 Johns. 76, that " giving further security for part of a debt or other security, though for a less sum than the debt, and acceptance of it in full of all demands make a valid accord and satisfaction." That " if a debtor gives his creditor a note endorsed by a third party for a less sum than the debt (no matter how much less) but in full satisfaction of the debt, and it is received as such, the transaction constitutes a good accord and satisfaction." Varney *v.* Commey, 3 East, 25. And so it has been held " where by mode or time of part payment, different than that provided for in the contract, a new benefit is or may be conferred or a burden imposed, a new consideration arises out of the transaction and gives validity to the agreement of the creditor. Rose *v.* Hall, 26 Conn. 392. And so if " payment of less than the whole debt, if made before it is due or at a

different place from that stipulated, if received in full, is a good satisfaction." Jones *v.* Bullitt, 2 Litt. 49; Ricketts *v.* Hall, 2 Bush, 249; Smith *v.* Brown, 3 Hawk. N. C. 580; Jones *v.* Perkins, 29 Miss. 139; Schweider *v.* Lang, 29 Minn. 254; 43 Am. 202.

In Watson *v.* Elliott, 57 N. H., 511–513, it was held, " it is enough that something substantial which one party is not bound by law to do is done by him or something which he has a right to do he abstains from doing at the request of the other party," is held a good satisfaction.

It has been held in a number of cases that if a note be surrendered (by the payee to the maker) the whole claim is discharged and no action can afterwards be maintained on such instrument for the unpaid balance. Ellsworth *v.* Fogg, 35 Vt. 355; Kent *v.* Reynolds, 8 Hun, 559.

It has been held that a partial payment made to another, though at the creditor's instance and request, is a good discharge of the whole debt. Harper *v.* Graham, 20 Ohio, 106. " The reason of the rule is, that the debtor in such case has done something more than he was originally bound to do, or at least something different. It may be more or it may be less as a matter of fact."

It was held by the supreme court of Pennsylvania, in Mechanics' Bank *v.* Huston, February 13, 1882, 11 W. Notes Cases, 389, " The decided advantage which a creditor acquires by the receipt of a negotiable note for a part of his debt as by the increased facilities of recovering upon it, the presumption of a consideration for it, the ease of disposing of it in market, etc., was held to furnish ample reason why it should be a valid discharge of a larger account or open claim unnegotiable.

It has been held that a payment in advance of the time, if agreed to, is a full satisfaction for a larger claim not yet due. Brooks *v.* White, 2 Met. 283; Bowker *v.* Childs, 3 Allen, 434.

In some states, notably Maine and Georgia, the legisla-

ture, in order to avoid the harshness of the rule under consideration, have, by statute, changed the law upon that subject by providing " no action can be maintained upon a demand which has been canceled by the receipt of any sum of money less than the amount legally due thereon or for any good and valuable consideration however small," citing Weymouth *v.* Babcock, 42 Maine, 42.

And so in Gray *v.* Barton, 55 N. Y. 68, where a debt of $820 upon book account was satisfied by the payment of one dollar by calling the balance a gift, though the balance was not delivered except by fiction, and the receipt was in the usual form and was silent upon the subject of a gift, and this case was followed and referred to in Ferry *v.* Stephens, 66 N. Y. 321.

So it was held in Mitchell *v.* Wheaton, 46 Conn. 315; 33 Am. 24, that the debtor's agreement to pay and the payment of $150, with the costs of the suit, upon a liquidated debt of $299, satisfied the principal debt.

These cases show in a striking manner the extreme ingenuity and assiduity which the courts have exercised to avoid the operation of the " rigid and rather unreasonable rule of the old law," as it is characterized in Johnston *v.* Brannan, 5 Johns. 268–272, or as it is called in Kellogg *v.* Richards, 14 Wend. 116, " technical and not very well supported by reason," or as may be more practically stated, a rule that " a bar of gold worth $100 will discharge a debt of $500, while 400 gold dollars in current coin will not." See note to Goddard *v.* O'Brien, *supra*, in Am. Law Register, New Series, vol. 30, pp. 640, 641.

The state of the law upon this subject, under the modification of later decisions, both in England and in this country, would seem to be as expressed in Goddard *v.* O'Brien, Queen's Bench Div., *supra* : " The doctrine in Cumber *v.* Wane is no doubt very much qualified by Sibree *v.* Tripp, and I cannot find it better stated than in 1 Smith's Leading Cases, 7th Ed., 595." The general doctrine in Cumber *v.*

Wane, and the reason of all the exceptions and distinctions which have been engrafted on it, may, perhaps, be summed up as follows, viz.: " That a creditor cannot bind himself by a simple agreement to accept a smaller sum in lieu of an ascertained debt of a larger amount, such an agreement being *nudum pactum*. But if there be any benefit or even any legal possibility of benefit, to the creditor thrown in, that additional weight will turn the scale and render the consideration sufficient to support the agreement." Bull *v*. Bull, 43 Conn. 455; Fisher *v*. May, 2 Bibb, 449; Reed *v*. Bartlett, 19 Pick. 273; Union Bank *v*. Geary, 5 Peters, 99–114; Le Page *v*. McCrea, 1 Wend. 164; Boyd *v*. Hitchcock, 20 Johns. 76; Brooks *v*. White, 2 Metc. 283; Jones *v*. Perkins, 29 Miss. 139–141; Hall *v*. Smith, 15 Iowa, 584; Babcock *v*. Hawkins, 23 Vt. 561.

In the case at bar the defendants gave their promissory notes upon time for one-half the debt they owed plaintiff, and also gave plaintiff a chattel mortgage on the stock, fixtures and other personal property of the defendants under an agreement with plaintiff to accept the same in full satisfaction and discharge of said indebtedness. Defendants paid the notes as they became due and plaintiff then discharged the mortgage. Under the cases above cited and upon principle, this new agreement was supported by a sufficient consideration to make it a valid agreement, and this agreement was by the parties substituted in place of the former. The consideration of the new agreement was that the plaintiff in place of an open book account for goods sold, got the defendants' promissory notes, probably negotiable in form, signed by defendants, thus saving the plaintiffs, perhaps, trouble or expense of proving their account, and got security upon all the defendants' personal property for the payment of the sum specified in the notes, where before they had no security.

It was some trouble at least and perhaps some expense to the defendants to execute and deliver the security, and they

deprived themselves of the legal ownership or of any exemptions or the power of disposing of this property, and gave the plaintiffs such ownership as against the defendants and the claims thereto of defendants' creditors if there were any.

It seems to me upon principle and the decisions of this state (save, perhaps, Keeler v. Salisbury, 33 N. Y. 653, and Platts v. Walrath, Lalor's Supp. 59, which I will notice further on), and of quite all of the other states, the transactions between the plaintiffs and the defendants constitute a bar to this action. All that is necessary to produce satisfaction of the former agreement is a sufficient consideration to support the substituted agreement. The doctrine is fully sustained in the opinion of Judge Andrews in Allison v. Abendroth, 108 N. Y. 470, from which I quote: " But it is held that where there is an independent consideration, or the creditor receives any benefit or is put in a better position, or one from which there may be legal possibility of benefit to which he was not entitled except for the agreement, then the agreement is not *nudum pactum* and the doctrine of the common law to which we have averted has no application." Upon this distinction the cases rest which hold that the acceptance by the creditor in discharge of the debt of a different thing from that contracted to be paid, although of much less pecuniary value or amount, is a good satisfaction, as, for example, a negotiable instrument binding the debtor and a third person for a smaller sum. Curlewis v. Clark, 3 Exch. 375.

Following the same principle, it is held that when the debtor enters into a new contract with the creditor to do something which he was not bound to do by the original contract, the new contract is a good accord and satisfaction if so agreed. The case of accepting the sole liability of one of two joint debtors or copartners in satisfaction of the joint or copartnership debt is an illustration. This is held to be a good satisfaction, because the sole liability of one of two debtors " may be more beneficial than the joint liability of

both, either in respect of the solvency of the parties or the convenience of the remedy." Thompson *v.* Percival, 5 B. & Adol. 925. In perfect accord with this principle is the recent case in this court of Luddington *v.* Bell, 77 N. Y. 138, in which it was held that the acceptance by a creditor of the individual note of one of the members of a copartnership after dissolution, for a portion of the copartnership debt, was a good consideration for the creditor's agreement to discharge the maker from further liability. Pardee *v.* Wood, 8 Hun, 584; Douglass *v.* White, 3 Barb. Ch. 621–624.

Notwithstanding these later and decisive authorities the plaintiff contends that the giving of the defendants' notes with the chattel mortgage security and the payment, such consideration was insufficient to support the new or substituted agreement, and cites as authority for such contention the cases of Platts *v.* Walrath, Lalor's Supp. 59, and Keeler *v.* Salisbury, 33 N. Y. 648.

Platts *v.* Walrath arose in justice court, and the debt in controversy was put forth as a set-off. The remarks of the judge in the former case were quite *obiter*, for there were various subjects in dispute upon the trial and from which the justice might have reached the conclusion that he did. The judge, in the opinion relied upon, says: "Looking at the loose and secondary character of the evidence as stated in the return, it was, perhaps, a question of fact whether any mortgage at all was given; or at least whether, if given, it was not in terms a mere collateral security for the large note." "Even the mortgage was left to parol proof. Did it refer to and profess to be a security for the note of $1,500 or that sum less the fifty dollars agreed to be thrown off, etc., etc."

There is so much confusion and uncertainty in the case, that it was not thought advisable to publish the case in the regular series of reports. The case of Keeler *v.* Salisbury, *supra*, is not to be regarded as an authority upon this question or as approving the case of Platts *v.* Walrath, *supra*.

In the case of Keeler *v.* Salisbury, the debtor's wife had joined in the mortgage given by her husband, the debtor, to effect the compromise, thus releasing her inchoate right of dower. The court held that fact constituted a sufficient consideration to support the new agreement, though the court in the course of the opinion remarked that it had been held that the debtor's mortgage would not be sufficient, and referring to Platts *v.* Walrath. But the court did not otherwise indicate any approval of that case, and there was no occasion to do so, for, as before stated, the court put its decision upon the fact that the wife had joined in the mortgage.

In view of the peculiar facts in these two cases and the numerous decisions of this and other courts hereinbefore referred to, I do not regard them as authorities against the defendants' contention, that the plaintiff's action for the balance of the original debt is barred by reason of the accord and satisfaction, and that the judgment must be reversed, with costs.

All concur.