### LEE v. TIMKEN.

(Supreme Court, Appellate Division, First Department. December 10, 1897.)

ACCORD AND SATISFACTION—CONSIDERATION.

Where one has agreed with the owner of real property to pay off and discharge a certain mortgage thereon, his payment of a smaller sum directly to the owner constitutes a sufficient consideration for the latter's agreement to release him from his contract obligation, and, in a subsequent action by the owner to recover the balance, will support a defense of accord and satisfaction.

Appeal from special term.

Action by Emeline Lee against Mary A. Timken. From a judgment overruling a demurrer to the second defense in defendant's answer, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and WILLIAMS, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

V. Wright Kingsley, for appellant.

George E. Mott, for respondent.

PATTERSON, J. The interlocutory judgment appealed from in this case was entered upon a decision of the court at special term overruling a demurrer interposed by the plaintiff to the second defense contained in the defendant's answer. The action was brought to recover a balance due upon an alleged indebtedness of the defendant to the plaintiff, and arising out of the following circumstances: The plaintiff was the widow, and the defendant the daughter, of James Lee. During his lifetime, Mr. Lee transferred to his wife certain real property, mentioned in the complaint, and to his daughter certain other property, also therein mentioned. Upon the premises conveyed to the wife was an outstanding mortgage of $10,000. The wife joined in the conveyance to the daughter, and in consideration thereof, the plaintiff alleges, the daughter, the defendant, agreed to pay off and discharge, within a reasonable time, the mortgage mentioned. The com-

plaint further alleges that the defendant paid to the plaintiff the sum of $4,000 on account of the agreement so to pay off and discharge the said mortgage, and that there still remained due and owing to the plaintiff the sum of $6,000 and interest. By the second defense of the answer, an accord and satisfaction, in form, is pleaded; the defendant averring that she paid to the plaintiff, and the plaintiff accepted from her, the sum of $4,000, in full satisfaction, release, and discharge of the alleged agreement set forth in the complaint relating to the $10,000 mortgage. The question arising upon the demurrer was as to the legal sufficiency of this defense; the contention on the part of the plaintiff, the demurrant, being that the payment and acceptance of the $4,000 only on account of an indebtedness or liability amounting to $10,000 was not a satisfaction of the whole debt, even although it is claimed the plaintiff accepted that sum in full satisfaction. The general principle of law that the acceptance of part of a liquidated debt in extinguishment of the whole, where no new consideration enters into the matter, and where nothing is parted with except a portion of that which is due, creates no obstacle to the recovery of the balance, is so elementary that it would be useless to cite authorities in support of it. But the more recent cases have declared that if there be some additional benefit, or legal possibility of benefit, given to the creditor, that will furnish a sufficient consideration to sustain an agreement to accept a smaller sum in payment and discharge of a greater. Jaffray v. Davis, 124 N. Y. 164, 26 N. E. 351. An examination of the answer of the defendant in this action discloses facts which, if proven, would establish a consideration for the discharge and release pleaded in the second defense. By the contract, as set forth in the pleadings, the promise made by the defendant was to pay off and discharge the $10,000 mortgage on the house and lot conveyed to the plaintiff by her husband. It was not a contract to pay any sum of money directly to the plaintiff. It would have been a complete performance of the contract, had the defendant procured the discharge of that mortgage by the payment of any sum of money the holder of it would be willing to accept. All that the defendant was bound to do was to remove the mortgage as a lien, and, if she could have done it for less than the face thereof, the advantage would be hers. She did not contract to pay the plaintiff $10,000, or any sum of money, but she was bound to the performance of a duty. The accord and satisfaction alleged in the second defense sets up the establishment of entirely new relations between the plaintiff and the defendant. It is, in effect, averred that, instead of the defendant paying off the mortgage to the holder of it, she paid the sum of $4,000 in cash to the plaintiff, and obtained a release; thus putting the plaintiff in possession of a sum of money to which she was not personally entitled by the contract she sues upon, and giving to her the benefit of the ownership and use of that money, which otherwise she would not have had. Here, then, is the statement of new relations, a new consideration, an advantage to the plaintiff, all of which is sufficient to maintain the plea contained in the second defense. In the case above cited the general rule is recognized, but it is also said that courts "seem to seize with avidity upon any consideration to support an agreement to accept a lesser sum in satisfac--

tion of a larger, or, in other words, to extract, if possible, from the circumstances of each case, the consideration for the new agreement, and to substitute the new agreement in place of the old, and thus to form a defense to the action brought upon the old agreement."

The judge at special term was right in holding that the defense of an accord and satisfaction was well pleaded; and the judgment appealed from should be affirmed, with costs, with leave to plaintiff to withdraw the demurrer on payment of costs in the court below and in this court. All concur.