(24 Misc. Rep. 374.)

## NATHAN et al. v. SMITH.

(City Court of New York, General Term. August 4, 1898.)

ACCORD AND SATISFACTION.

    If, in an action to recover for work, labor, and services, the plaintiff agrees that, if the defendant will pay the attorney's fees and disburse-ments, and will give promissory notes payable at a future day, he will accept the arrangement as a settlement of the matters in dispute, and will discontinue the action, and the money is paid and the notes given and accepted accordingly, and one of the notes is paid, the plaintiff can-not thereafter, on the ground of the nonpayment of the other note, insist upon rescinding the agreement and recover on the old contract, for the facts establish a completed accord and satisfaction.

Appeal from trial term.

Action by August Nathan and another against Gerritt Smith. Judgment for plaintiffs, and defendant appeals. Reversed.

Argued before CONLAN, SCHUCHMAN, and OLCOTT, JJ.

Samuel C. Herriman, for appellant.

George H. Bruce, for respondents.

CONLAN, J. This is an appeal from a judgment after a trial had before the justice at trial term without a jury. The action was brought to recover a balance alleged to be due for work, labor, and services, and materials furnished. The defense was accord and satis-faction.

It appears that the plaintiffs brought a former action to recover an alleged balance of $276, and that, while suit was pending and before issue joined, an understanding was arrived at between the parties and their attorneys that, if the defendant would pay to the plaintiffs' attorneys $25 for their costs and expenses of the action, and give two notes, of $100 each, payable at a future day, the plaintiffs would accept this arrangement as a settlement of the matters in dispute, and would discontinue the action. The $25 was paid, and the notes given and received, and the action was thereupon discontinued. One of the notes was paid at or about maturity, and the other note was not paid, and the plaintiffs thereupon claimed the right to rescind, and to stand upon the original contract, and in the complaint in the pres-ent action ask to recover the sum of $176, offering therein to return the unpaid note.

The question of accord and satisfaction has been one of frequent and almost exhaustive discussion in the courts of this and other juris-dictions in this country, and in the English courts, for a period of more than 200 years, and the application of the principle involved has been one of different judicial determination in the different tri-bunals. What may have been sufficient to sustain the rule in one state has in others been held to be inadequate, etc. As we have said, the authorities somewhat differ as to the interpretation of the rule and its exact application. Two elements necessarily enter into the question of accord and satisfaction, namely: The accord is the agree-ment for the reception of the thing in discharge of the debt; the satis-

faction is the actual reception of the thing. The true underlying principle in all cases of complete accord and satisfaction may be said to be the payment of the amount or the delivery of the thing agreed to be received, accompanied by, in all cases, its full and complete acceptance. When these conditions are fulfilled, we think the rule is well applied. In the case at bar the agreement was to receive certain notes and a certain sum of money, and these were delivered, and money paid and fully accepted, and the discontinuance of the first action followed. If there were, indeed, any doubt about the plaintiffs' acceptance of the conditions, that doubt ceased to cast any shadow on the transaction when the money due upon the first note was paid and accepted.

Our attention is called to the case of Jaffray v. Davis, 124 N. Y. 164, 26 N. E. 351, wherein it is said:

"The doctrine of stare decisis is further illustrated by the course of judicial decisions upon this subject, for, while the courts still hold to the doctrine of the Pinnell and Cumber-Wane Cases (cited in the opinion), they have seemed to seize with avidity upon any consideration to support the agreement to accept the lesser sum in satisfaction of the larger."

In the Cumber-Wane Case, 1 Strange, 426, it was held that a creditor can never bind himself by a simple agreement to accept a smaller sum in lieu of an ascertained debt of a larger amount, such agreement being nudum pactum; but if there be any benefit, or even any legal possibility of benefit, to the creditor thrown in, that additional weight will turn the scale, and render the consideration sufficient to support the agreement.

In the case of Goddard v. O'Brien, 9 Q. B. Div. 37, where "A., being indebted to B. in £125. 7s. and 9d., for goods sold and delivered, gave B. a check negotiable for £100, payable on demand, which B. accepted in satisfaction," this was held to be a good satisfaction; and this latter case is cited with approval in Jaffray v. Davis, supra, Baron Huddleston saying, in the Goddard Case, that the circumstances of negotiability made it, in fact, a different thing and more advantageous than the original debt. Numerous authorities are cited in the Jaffray Case, and of instances where the principle of accord and satisfaction has been held to apply, such as the giving of further security for a part of the debt or other security, though for less sum than the debt and acceptance of it in full of all demands, as in Le Page v. McCrea, 1 Wend. 164, and in the case of Boyd v. Hitchcock, 20 Johns. 76. Where a debt of $820 upon a book account was satisfied by the payment of $1 by calling the balance a gift, though the balance was not delivered except by fiction, and the receipt was in usual form, and was silent upon the subject of a gift, as in Gray v. Barton, 55 N. Y. 68, and this later authority was approved in Ferry v. Stephens, 66 N. Y. 321. In all these cases the new agreement was held sufficient, and the court of appeals, proceeding further, in the Jaffray Case said: "The state of the law upon this subject under the modification of later decisions, both in England and in this country, would seem to be as expressed in Goddard v. O'Brien, supra." And we are content with this interpretation and application of the principle.

Entertaining these views, we are of the opinion that the plaintiffs' action to rescind the agreement and to recover upon the old contract cannot be maintained, and there must be a reversal of the judgment.

Judgment reversed and new trial ordered, with costs to the appellant to abide the event. All concur.