JOHN H. SIMONS, Respondent, *v.* SUPREME COUNCIL, AMERICAN LEGION OF HONOR, Appellant.

*Receipt for a less amount than the face of an insurance certificate — when it does not prevent the subsequent recovery of the rest of the insurance money from a benefit society.*

A benefit society adopted a by-law by which it undertook to limit its liability upon all certificates theretofore or thereafter issued by it to $2,000. Upon the death of the holder of a $5,000 certificate issued prior to the adoption of the by-law, the society, which had no defense to the certificate, unlawfully contended that its liability thereon was limited to $2,000, less a five per cent deduction provided by its by-laws.

It further represented to the beneficiaries that the financial condition of the society was such as to make it advisible for the beneficiaries to accept $1,900. The beneficiaries thereupon surrendered the policy, accepted the $1,900 under protest and signed a receipt in the following language: "Receipt below given for nineteen hundred dollars ($1,900) only."

*Held,* that the claim against the society upon the certificate was a liquidated claim for $5,000, and that the acceptance of the $1,900 and the giving of the receipt did not constitute an accord and satisfaction which would prevent the beneficiaries from thereafter suing the society to recover the balance of the $5,000.

APPEAL by the defendant, Supreme Council, American Legion of Honor, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 26th day of May, 1902, upon the verdict of a jury rendered by direction of the court after a trial at the Kings County Trial Term.

*Henry A. Powell,* for the appellant.

*John T. Booth* [*George P. Breckenridge* with him on the brief], for the respondent.

WOODWARD, J.:

The plaintiff, as assignee of the beneficiaries under a benefit certificate for $5,000, issued by the defendant, seeks to recover the amount of the policy, less a payment of $1,900, a receipt for which was given by the beneficiaries at the time of the surrender of the certificate. Thomas S. Keyser took out the original certificate in 1882, and paid his dues regularly up to the 1st of October, 1900. He died on the second day of October of that year. In the same year the defendant adopted a by-law, to take effect on the first day of October, which undertook to limit all of its certificates, both past and prospective, to $2,000, and the $1,900 was paid to the beneficiaries under this policy, it being the full amount due under the new by-laws, less a deduction of five per cent for the emergency funds provided under the by-laws. This $1,900 was accepted under protest by the beneficiaries and a receipt in the following language was given at the time of receiving the payment and surrendering the certificate: "Receipt below given for nineteen hundred dollars ($1,900) only, 2-27-01." The right of the defendant to so amend its by-laws as to violate the obligation of its contracts in existence at the time of the taking effect of the same has recently been considered in the Court of Appeals, and it has been held that no such right had been reserved to the defendant. (*Langan* v. *Supreme Council, American Legion of Honor*, 174 N. Y. 266.) The defendant on this appeal recognizes that the law is established upon this proposition, but urges that the plaintiff's assignors, in accepting the payment, under the circumstances, have brought themselves within the rules governing an accord and satisfaction, and that the plaintiff could not recover.

There is some dispute as to just what occurred at the time the payment was made, but putting the most favorable construction upon the evidence of the defendant, we think there was a failure to establish facts from which the court could find an accord and satisfaction. Conceding that the defendant believed in good faith that it had the right to amend its by-laws in such a manner as to permit it to discharge its $5,000 contract upon the payment of $2,000, this did not change the law. The recent adjudications upon this question have not changed the law; they have merely determined what the law is and was at all times during the life of

the policy now in suit. There was, therefore, a liquidated claim against the defendant at the time of this payment for $5,000, less any percentages which might have been deducted under the provisions of lawful by-laws. Though often criticised, the law is well established that " payment of a lesser sum on the day in satisfaction of a greater, cannot be any satisfaction for the whole," and this is so, although it was agreed that such payment should satisfy the whole. (*Jaffray* v. *Davis*, 124 N. Y. 164, 167, and authorities cited ; *Fuller* v. *Kemp*, 138 id. 231, 237.) In the latter case it was said : " Where the demand is liquidated, and the liability of the debtor is not in good faith disputed, a different rule has been applied. In such cases the acceptance of a less sum than is the creditor's due will not of itself discharge the debt, even if a receipt in full is given. The element of a consideration is lacking, and the obligation of the debtor to pay the entire debt is not satisfied." In the case at bar it is not disputed that the plaintiff's assignors did not give a receipt in full ; they receipted only for the amount actually paid. There was no dispute as to the defendant's liability under its policy ; the only question which the defendant could have raised was the validity of its by-law reducing the liability to $2,000, and this having been unlawful, the defendant cannot be heard to urge upon this appeal that it gained any rights under the law by asserting an unlawful right as against the beneficiaries under the certificate under which the plaintiff's rights arise. The claim against the defendant, as a matter of law, was a liquidated claim ; it was a contract obligation to pay $5,000 upon the death of the member who had complied with the conditions imposed by the certificate and the by-laws, rules and regulations lawfully enacted. To permit the defendant to defeat this action because it had attempted to do an unlawful thing by repudiating a portion of its obligations under the contract, would be to permit it to take advantage of its own wrong, a thing obnoxious to all law. (Broom Leg. Max. [4th ed.] *209.) The courts, in the effort to overcome the rule of the common law, have seized upon slight pretexts at times to make final the voluntary executed agreements of parties to accept less than the full amount of claims in discharge of obligations (see cases cited in *Jaffray* v. *Davis, supra*), but we find no case in which the rule has been modified in behalf of one who has attempted to take advantage of his own wrong to

deprive another of his rights under a contract.   The evidence in this case does not show that the defendant even represented that it was acting lawfully ; the most likely inference from the evidence is that the defendant's agents or representatives coerced the plaintiff's assignors into accepting the lesser sum upon the proposition that the defendant was not in a position to make full payments, and that the claimants were lucky to get the amount offered, not because of any valid defense in law, but because of the financial straits of the defendant.

At the close of the plaintiff's case the defendant moved to dis- miss the complaint on the ground of an accord and satisfaction. This motion was denied, and the defendant introduced in evidence the deposition of one Wilson and a certificate attached to the same, and rested.   Plaintiff's attorney moved for the direction of a verdict. Defendant's attorney moved for the direction of a verdict upon the " ground that it appears upon all the evidence that after due notice of the condition of the affairs of the Society, after the conversation with Mr. Kendrick, in which Mr. Keyser was told that he would do well to get $1,900, he deliberately went, surrendered his certificate and accepted $1,900 in full consideration of the claim, with his eyes wide open as to the entire situation."   Plaintiff's counsel renewed his request for a direction of a verdict for the plaintiff for $2,850. " The Court : I think I will have to do it, that is the way I feel about it."   At this point, after the court had practically decided the motion, defendant's counsel asked leave to go to the jury upon the question of whether or not there was an accord and satisfaction. This was denied, the defendant excepted, and the court directed a verdict for the plaintiff.   It is probably true that the defendant did not waive its right to submit the questions of fact in the case, if there were any, to the jury by reason of its request for the direction of a verdict (*Shultes* v. *Sickles*, 147 N. Y. 704, 705), but we are of opinion that there was no fact proved, or which the evidence tended to prove, which would amount to an accord and satisfaction, and this was the only question which defendant sought to have sub- mitted.   If the plaintiff's assignors, under the facts appearing in the evidence, had accepted $1,900 and receipted in full for the claim, there would not have been an accord and satisfaction.   The con- tract existing between the defendant and the insured was to pay

$5,000 upon the happening of an event. That event had happened and the rights of the beneficiaries had become fixed by the contract, the demand was liquidated and the beneficiaries had become absolutely entitled to $5,000. This obligation on the part of the defendant could not be satisfied by the payment of $1,900 under the authorities cited, and the courts ought not to be astute to discover a method of relieving the defendant, which has sought to take advantage of its policyholders by an unlawful change of its contracts and by representing to the beneficiaries that they were lucky to get any part of the contract sum. The beneficiaries under the policy in suit did not receipt in full for the contract; they specially stated in the written receipt that it was for $1,900, and the mere fact that they surrendered possession of the policy could not operate to deprive them of their vested right to the sum of money which the defendant had contracted to pay.

The judgment appealed from should be affirmed, with costs.

GOODRICH, P. J., BARTLETT, HIRSCHBERG and JENKS, JJ., concurred.

Judgment affirmed, with costs.