WALMOR, INC., Respondent, *v.* MEYER BREGER, Appellant.

First Department, February 17, 1933.

*Abraham L. Feinstein,* for the appellant.

*John Preston Phillips* of counsel [*Kerfoot & MacArthur,* attorneys], for the respondent.

MERRELL, J.   This action is brought by plaintiff, as assignee and successor in interest of the Community State Bank, to recover an alleged balance claimed to be due on a promissory note in writing made and delivered by defendant to the said Community State Bank on May 14, 1929.   By the terms of said promissory note the defendant promised to pay to the order of the Community State Bank on demand the sum of $8,887.50.   Plaintiff claims to be the assignee of said note under several mergers and mesne assignments, but makes no claim to be a holder of said promissory note in due course.   The promissory note on which plaintiff sues is not set forth in *hæc verba,* the plaintiff contenting itself with alleging the legal effect thereof.   Plaintiff seeks to recover the unpaid balance of said note, amounting to $3,377.36, besides interest.   The answer, aside from denials, sets up three separate and distinct defenses and a counterclaim upon which the defendant demands judgment

against plaintiff for $1,000. These various defenses and the counterclaim have been stricken out by the order appealed from as insufficient in law.

In the first partial defense contained in the answer of the defendant, the defendant alleges that on or about May 14, 1929, the defendant, through the said Community State Bank, purchased fifty shares of the common stock of the du Pont de Nemours Company. The note in suit was originally given in payment for the stock thus purchased by defendant through said Community State Bank. It is alleged in the said first defense that prior to the purchase of said stock the defendant and Community State Bank entered into an agreement wherein and whereby the said bank agreed to and did loan to defendant the sum of $8,887.50 which was the amount of the purchase price of said stock, and which sum was, to the knowledge of the Community State Bank, used by it for and on behalf of the defendant to pay the purchase price of said fifty shares of stock, and that by said agreement the said Community State Bank further agreed to forthwith place with a member of the New York Stock Exchange a stop-loss order to sell said stock whenever the same reached twenty dollars a share below the purchase price, and further agreed to apply the proceeds of the sale of such stock toward the repayment to itself of the moneys which might then be due on said loan, the defendant agreeing to pay any deficiency which might arise, and therein and thereby the Community State Bank further agreed to sell said stock at any time on demand or order of defendant. It is further alleged that the said Community State Bank could readily have sold the said fifty shares of stock at a price twenty dollars per share below the purchase price of said stock, as agreed upon, and that in violation of the terms and conditions of said agreement it failed, neglected and refused so to do. It is further alleged that the price or value of said stock on the New York Stock Exchange did fall twenty dollars per share below the purchase price, at which time, under the aforesaid agreement and stop-loss order, the said stock was to be sold. Defendant alleges that had the Community State Bank carried out its agreement and sold said stock, it could have sold said stock and received from the proceeds of such sale sufficient money to repay itself, less the sum of $1,000. The order of the court at Special Term striking out the first defense contained in the answer of defendant, as indicated in the memorandum opinion contained in the order appealed from, seems to have been based upon the assumption that there was no express agreement obligating the Community State Bank, as pledgee, to sell the collateral in question. In our opinion, the court was in error in assuming that there was no special agree-

ment alleged. As a matter of fact, the fifth paragraph of the answer contained in the partial defense clearly sets forth an express agreement under which the stock in question was pledged, in the following language: "*Fifth.* That prior to the purchase of said stock, this defendant and the Community State Bank entered into an agreement wherein and whereby the Community State Bank agreed to and did loan to this defendant the sum of $8,887.50, which was the amount of the purchase price of said stock, and which said sum was to the knowledge of the Community State Bank, used by it for and on behalf of this defendant to pay the purchase price of such fifty shares of stock referred to in paragraph 'Fourth' hereof, and whereby the said Community State Bank further agreed forthwith to place with a member of the New York Stock Exchange a stop loss order to sell said stock whenever the same reached twenty dollars a share below the purchase price, and further agreed to apply the proceeds of the sale of such stock towards the repayment to itself of the moneys which may then be due on said loan, this defendant agreeing to pay any deficiency which may arise, and wherein and whereby the Community State Bank further agreed to sell said stock at any time on demand or order of this defendant."

It appears from the above allegation contained in the answer that the defendant distinctly sets forth a definite and special agreement whereby, in consideration of the deposit of said stock with plaintiff, plaintiff was to sell the same at a certain time. The first defense then goes on to allege a breach of such agreement on the part of the bank. It thus appears that the Special Term was in error in its assumption of the absence of an express agreement to sell and dispose of the collateral at the time mentioned and to apply the proceeds of the sale of such stock toward the repayment to itself of any moneys which might then be due on said loan. We are of the opinion that sufficient facts were set forth in the said first defense to constitute a valid defense, and that the court erred in striking out the same.

In the second and third separate defenses contained in the answer the defendant alleges an accord and satisfaction of the plaintiff's claim. In the second separate defense the defendant alleges that prior to the commencement of the present action and prior to the plaintiff acquiring title to the claim upon which suit is brought, and when the Community State Bank was still the owner and holder of the claim alleged in the complaint, the plaintiff's assignor demanded payment of the note in question, and that the defendant disputed and refused to pay said claim upon the ground that he was not indebted thereon to plaintiff's assignor by reason of the failure and refusal of the Community State Bank to comply with

the terms of the agreement theretofore entered into between them and of their failure and refusal to sell the stock given as collateral at the time demanded by defendant and in pursuance of the agreement then existing between defendant and the plaintiff's assignor, and upon the grounds that the plaintiff's assignor was then indebted for damages to this defendant in a sum in excess of the amount due from the defendant to plaintiff's assignor. It is further alleged in the second separate defense in the answer that thereupon the plaintiff's assignor and the defendant agreed to compromise their respective claims, and that in compromise thereof the defendant agreed to deliver to plaintiff's assignor and plaintiff's assignor agreed to accept from the defendant in full satisfaction of all claims then existing between the parties, the sum of $1,000 to be paid to the Community State Bank by the delivery by defendant to it of ten shares of the Liberty National Bank stock upon and under an agreement whereby the Community State Bank agreed to sell said Liberty National Bank stock and out of the proceeds of the sale and after payment of all expenses to pay to itself the sum of $1,000 and to repay or pay over to the defendant the balance of the proceeds of said sale. Defendant then alleges that on the date when said compromise was agreed upon and for a reasonable time thereafter the market value of said ten shares of Liberty National Bank stock was over the sum of $2,000, and that said bank stock could have been readily sold in the open market by the Community State Bank for that sum. It is alleged that the defendant delivered to the Community State Bank, plaintiff's assignor, the said ten shares of Liberty National Bank stock and that the same was accepted and retained by plaintiff's assignor under and pursuant to the agreement hereinbefore mentioned, and that the same was delivered in satisfaction and compromise of the claims of the plaintiff's assignor as alleged in the complaint herein and with the intent and purpose that upon delivery thereof the defendant should be discharged of and from all further obligations under the agreement alleged in the complaint and to become entitled to have said note canceled and returned.

As a third separate defense the defendant alleges that prior to the commencement of the present action and prior to the time that plaintiff acquired title to the claim alleged in the complaint and at the time the Community State Bank was still the owner and holder of the claim alleged in the complaint, and pursuant to an agreement of settlement made between them, the defendant gave to the Community State Bank, and the Community State Bank accepted and received from defendant, $1,000, by the delivery to the Community State Bank of the ten shares of the common stock of the

Liberty National Bank, in full satisfaction and discharge of the claim set forth in the complaint herein, and that the said Community State Bank agreed to cancel said note and to deliver the same so canceled to defendant, the Community State Bank agreeing to sell and out of the proceeds of such sale of the Liberty National Bank stock to pay to itself the said sum of $1,000, plus any expenses for commissions for buying and selling said stock and revenue stamps and any other charges and to repay and return to the defendant all sums over the sum of $1,000 and such charges which it would receive from the sale of said ten shares of the common stock of the Liberty National Bank. The defendant further alleges that at the time of the delivery of said Liberty National Bank stock to the Community State Bank and for a reasonable time thereafter the market value of said Liberty National Bank stock was over the sum of $2,000. It is further alleged by the defendant that at the time of such payment, accord and satisfaction the defendant in good faith disputed and denied his liability to the Community State Bank, plaintiff's assignor, with respect to the matter alleged in the complaint herein.

The facts stated in the three separate defenses are then alleged by way of counterclaim against the cause of action set forth in the complaint, the defendant alleging that by reason of the premises the defendant was entitled to have said note canceled and delivered to him, and that there became due and owing from the Community State Bank and from the plaintiff, its assignee, to the defendant the sum of $1,000, for which defendant demands judgment against plaintiff.

The respondent contends that the facts alleged do not set forth an accord and satisfaction because of the fact that the accord and satisfaction was not based upon any consideration, and that in effect the allegations were of an agreement on the part of the bank to release the defendant from a liquidated debt upon payment of a part thereof; that the defendant, obligated to pay the entire indebtedness, is not to be released from paying the balance by part payment. It seems to us that the court erred in so construing the allegations of the second and third separate defenses contained in the answer. The defendant therein not only alleges the deposit of additional security by way of the ten shares of the Liberty National Bank stock, which the defendant was not bound to deposit and which the Community State Bank could not require the defendant to deposit, but it is also alleged that the defendant was making a claim in good faith that the Community State Bank should respond to the defendant in damages for failure to keep its agreement to sell the stock which it had purchased for defendant at the

time mentioned. This claim, it is alleged, was made in good faith and was waived by the defendant as a part of said compromise. Where a creditor receives a distinct benefit from a substituted contract which he otherwise would not have had, such benefit is sufficient to uphold the defense of accord and satisfaction. All that the law requires is that there be some advantage to the creditor or the waiver of a right by the debtor. In this case the bank received the benefit of the ten shares of the Liberty National Bank stock delivered to it. It had no legal right to demand the delivery of such stock, and at the same time the defendant relinquished his claim which he had asserted in good faith against the plaintiff's assignor for damages. We thus have ample consideration for the accord and satisfaction in this case. We are of the opinion that the decision of the Court of Appeals in *Jaffray* v. *Davis* (124 N. Y. 164) clearly supports the sufficiency of consideration for the accord and satisfaction in the present case. The facts in the *Jaffray* case are much weaker than those in the case at bar. In that case the defendants were indebted to plaintiffs for goods sold and delivered in the sum of $7,000. There was no controversy as to such indebtedness or its amount. The amount of the indebtedness was admittedly due. The plaintiffs held no security for the payment of the debt. The defendants thereupon, with a view of effecting a settlement, offered to give their promissory note and a chattel mortgage for $3,500 upon personal property owned by them as security, provided the plaintiffs would reduce the indebtedness to that amount and accept such sum in full payment of the indebtedness. Plaintiffs agreed to this and the defendants delivered their note for $3,500 secured by a chattel mortgage on their personal property in the same amount. Both the note and the chattel mortgage were accepted by plaintiffs. However, the plaintiffs thereafter sued defendants for the balance of the indebtedness. The defendants set up the defense of accord and satisfaction which plaintiffs sought to defeat on the ground that there was no consideration for the release of part of the indebtedness, inasmuch as the debt was liquidated, and that the defendants owed the entire amount of the original indebtedness. The Court of Appeals, however, held that the giving of the defendants' note and the chattel mortgage to secure it, which the defendants were not obligated to give, constituted a sufficient consideration to uphold the defense of accord and satisfaction. In the case at bar the offer of the defendant, which was accepted by the Community State Bank, to deliver the ten shares of the Liberty National Bank stock if the plaintiff's assignor would agree thereupon to release the defendant from all further obligations, and upon delivery of the security, which the bank was not then entitled to demand, constituted

sufficient consideration for the accord and satisfaction between the parties. A further consideration for such agreement was that the defendant agreed to waive his claim for damages for breach of contract on the part of the Community State Bank to sell the stock at the time mentioned. Certain it was that the defendant, as a part of the compromise agreement, waived the claim made in good faith that the Community State Bank was liable to the defendant in damages for failure to keep its agreement. In order to sustain a defense of accord and satisfaction it is not necessary that the party asserting it should waive a claim against which there was no defense. Any claim which is asserted in good faith is sufficient. The Court of Appeals in *Schuttinger* v. *Woodruff* (259 N. Y. 212) said (at p. 217): " The dispute need not rest upon factors arising from sound reasons. The debtor may be wrong in his contention. That he honestly believes in the correctness of his position is enough." For the purposes of the motion to strike out said defenses we must assume the truth of the allegations of the answer. The defendant in his answer pleads in good faith the existence of an agreement between himself and the Community State Bank. He pleads a breach thereof, and alleges that he, in good faith, made a claim against the bank for damages arising from the breach of said agreement. All of these allegations must be taken to be true. The defendant not only denied his indebtedness to the bank because of the latter's breach of the agreement, but alleges the giving of collateral subsequently and after the controversy had arisen. In our opinion the second and third defenses were good and were erroneously stricken from the answer by the order appealed from.

Having reached a conclusion that the three defenses were good, it follows that the counterclaim set forth in the answer likewise states facts sufficient to constitute a counterclaim.

The order appealed from should in all respects be reversed, with twenty dollars costs and disbursements, and plaintiff's motion denied, with ten dollars costs, with leave to plaintiff to reply within ten days on payment of said costs.

FINCH, P. J., O'MALLEY, SHERMAN and TOWNLEY, JJ., concur.

Order reversed, with twenty dollars costs and disbursements, and motion denied, with ten dollars costs, with leave to the plaintiff to reply within ten days upon payment of said costs.